HAMITER, Justice.
The twelve plaintiffs in this action, who are residents and taxpayers of the Parish of Washington, seek to invalidate an ordinance adopted on December 7, 1948, pursuant to the provisions of Act No. 315 of 1946, by the Commission Council of the City of Bogalusa. The assailed ordinance has for its purpose the extension of the corporate limits of the named municipality by annexing certain property known as the *735 Riverside Drive area, portions of which are owned by plaintiffs.
In the original petition, for a cause of action, plaintiffs allege:
“That the proposed incorporation of the area described in said resolution is unreasonable and detrimental to the interest of petitioners, who own the greater part of said area.
“That the said area proposed to be incorporated within the city limits of Bogalusa is at present devoted for the most part to agriculture, grazing, and other farm and agriculture interests, with very few resident owners, and the proposed incorporation of said area within the city limits of Bogalusa can only have the effect of imposing additional taxation on petitioners, with no compensating benefits to be derived from the incorporation of said area within the city limits of Bogalusa.”
In a supplemental petition plaintiffs further allege: “That in adopting the resolution, or ordinance, extending the city limits of the City of Bogalusa, as referred to in paragraph II of plaintiffs’ original petition the City of Bogalusa adopted said ordinance, or resolution, at the original offering or reading as an emergency measure, when in truth and in fact no emergency whatsoever existed, said passage being in violation of Section 8 of the Charter of the City of Bogalusa, * * *
Answering, the City of Bogalusa, through its Commission Council, denies all of these allegations.
Following a trial of the merits the district court rendered judgment in favor of defendant rejecting the demands of plaintiffs. The latter thereupon appealed suspensively to this court.
During the oral argument there arose the question of whether the cause is within our appellate jurisdiction; and since that time we have given studious consideration to the question. Our conclusion is that the appeal should have been taken to the Court of Appeal of the First Circuit.
If this litigation involves solely a contested civil or political right which cannot be specifically valued, this court, according to our settled jurisprudence, is without jurisdiction. Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, Mayor, et al., 193 La. 382, 190 So. 588. The appeal can be entertained by us only in the event the case comes within that provision of Section 10, Article 7 of the Louisiana Constitution which recites that the Supreme Court “shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars * * *
Clearly the cause involves neither a disputed monetary claim, nor a fund to be distributed, nor a contested title to real estate. The quoted constitutional provision, however, has been held to include a right the value of which can be definitely fixed and is in excess of $2000. Frierson et al. v. Cooper, 196 La. 450, 199 So. 388, and cases *737 therein cited. See also Lawrence et al. v. Town of Mansfield, 129 La. 672, 56 So. 633.
Assuming that there is in contest here a right susceptible of being valued (either plaintiffs’ right to keep the area out of the corporate limits or defendant’s right to annex it), the value of such 'right can be fixed at no more than $1388.88. Plaintiffs’ sole complaint respecting the proposed annexation is that additional taxes will be imposed, whereas defendant contends only that, if the ordinance be invalidated, it will be deprived of revenues from those taxes; and, according to the record, the assessed valuation of the entire area proposed to be annexed is $51,440 from which there would result, based on the present municipal levy of twenty-seven mills, a total revenue of $1388.88 per annum. In the computation, it is well to point out, taxes for only one year can be considered with certainty, for an alteration of the boundaries to exclude the annexed area might well be ordained by the Commission Council, pursuant to the provisions of Act No. 315 of 1946, prior to the levy for a second year.
Under any theory, therefore, this court is without jurisdiction of the appeal.
For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of Act No. 19 of 1912, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.
McCALEB, J., concurs with written reasons.