LE BLANC, Justice.
This is a suit in which the unconstitutionality of Act No. 315 of 1946 is invoked and Ordinance No. 401 adopted by the Board of Trustees of the City of Lafayette on February 28, 1950, allegedly in conformity with the provisions of that act is also attacked.
The legislative act involved delegates to municipal corporations the power to contract or expand their corporate limits and prescribes the requirements that have to be followed in carrying out its provisions. The Board of Trustees of the City of Lafayette initiated the legislative procedure to annex a large area abutting its existing corporate limits in the early part of 1950 and on February 28, 1950, adopted the ordinance incorporating the additional territory within its boundaries.
The plaintiff herein, Maurice T. Mouton, an attorney-at-law residing in the newly *903 annexed area, appearing in propria persona, filed the present suit in the district court for the Parish of Lafayette on March 22, 1950 in which, as already stated, he attacks the act of the Legislature as being unconstitutional and the ordinance of the City of Lafayette as being invalid.
In his petition he alleges that Section 4 of Act No. 315 of 1946 is violative of Article 1, Section 6 of the Constitution of Louisiana of 1921 and of Paragraph 1 of the Fourteenth Amendment of the Constitution of the United States, because it limits judicial inquiry into its provisions to the sole question of reasonableness of the proposed extension of the City of Lafayette and he is thus deprived of his constitutional right to ascertain whether its provisions have been complied with and consequently he is deprived of his constitutional right of also pursuing any remedy he may have by due process of law. He alleges that Ordinance No. 401 of the City of Lafayette is illegal, null and void because it was adopted on a day and date ten days after the publication of the notice of filing of the petition for incorporation in contravention of the provisions of the statute.
In the alternative he alleges that the proposed plan of annexation is unreasonable for various reasons he sets out but which, in view of the decision we have reached on the question of jurisdiction, it is unnecessary for us to mention.
The case was disposed of on an exception of no cause or right of action in the district court. ’That exception was sustained and plaintiff’s suit dismissed whereupon an appeal was granted to this Court and the same has been perfected.
When the case was called for argument the question of the appellate jurisdiction of this Court arose and plaintiff and counsel for the defendant were both asked to inform the Court on what theory this Court was vested with jurisdiction. No satisfactory answer was forthcoming but the parties were nevertheless permitted to argue and submit the case on the ruling of the district judge on the exception.
The matter of jurisdiction has again suggested itself and has provoked our earnest consideration especially so because only last month the same problem confronted us in the case of Breland v. City of Bogalusa, 217 La. 727, 47 So.2d 334, in which the question of the validity of an ordinance similar to the one here under attack was presented, and finding ourselves without jurisdiction, the appeal was ordered transferred to the Court of Appeal, First Circuit, pursuant to the provisions of Act No. 19 of 1912. In that case it was pointed out that in a case involving merely a civil or political right which was not susceptible of specific, valuation, this Court was without jurisdiction but where such right could definitely be valued and its value was found to be in excess of $2000.00, the jurisdiction of this Court attached under the provisions of Section 10 of Article 7 of the State Constitution. Frierson et al. v. Cooper, 196 La. 450, *905 199 So. 388 and Lawrence et al. v. Town of Mansfield, 129 La. 672, 56 So. 633, were cited to that effect. The opinion then goes on to state that “assuming there is in contest” a right susceptible of being valued, the only value found, according to the figures in the record, was the additional revenue the city would be deprived of from taxes on the assessed valuation of the area proposed to be annexed and as the amount was less than $2000.00, appellate jurisdiction was held to rest in the Court of Appeal.
In the present case there is absolutely nothing in the record on which to calculate the value of the right that is in litigation. It may be that the additional revenues to the City of Lafayette resulting from its greater area under the proposed incorporation would be more than $2000.00, and indeed we were told in argument and it is also stated'in a motion to have the case placed on the preference docket of this Court, that the sum would be vastly in excess of that amount. But statements in such form are by no means sufficient to invest the Court with jurisdiction where it does not otherwise appear. On this very day the Court is transferring an appeal to the Court of Appeal in a case involving the right to possession of leased property where it was stipulated by counsel in a joint motion that the amount in dispute exceeded $2000.00. It is held that the stipulation “is not controlling, being nothing more than a conclusion of counsel without any basis in fact.” That is the case of Fontenot v. Babineaux, 217 La. 891, 47 So.2d 678.
Assuming that the amount of revenues to the city can be taken as a factor in determining the value of the right in contest in this suit, we hardly believe that that could be said to be the amount in dispute because necessarily out of those revenues the City would have to provide for the new obligations incurred by reason of the annexation and for the extra expenses in furnishing the people residing in the added area the fire and police protection they would be entitled to and the various facilities which are usually afforded by a municipality to its citizens. Certainly in this case therefore there is nothing on which the value of the right involved can be definitely ascertained as it was held it has to be in the case of Breland v. City of Bogalusa, supra.
Another reason which satisfies us that the appellate jurisdiction of this Court does not attach in this case is because the purpose of the suit is to have a law of this State or an ordinance of the City of Lafayette, a municipal corporation, or both, declared unconstitutional or invalid and in such cases, it is only where such statutes or ordinances have been declared wmconstitutional that the appeal lies to this Court. See Section 10, Article 7 of the Constitution. (Emphasis supplied.)
We are convinced, therefore, that this Court is not vested with jurisdiction of the appeal and that the appeal lies to the Court *907 of Appeal, First Circuit, under Section 29 of Article 7 of the Constitution.
For the reasons stated, it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of Act No. 19 of 1912, the record to be filed in said court by appellant within thirty days from finality of this decree; otherwise the appeal to stand dismissed.
HAMITER, J., concurs in the decree.