DORÉ, Judge.
The Supreme Court, having found that it was not vested with jurisdiction and that the jurisdiction was vested in us, has transferred this appeal to this court. Act No. 19 of 1912.
As stated by Justice LeBIanc, in the opinion of the Supreme Court transferring this appeal to this court, 217 La. 894, 47 So.2d 679:
“This is a suit in which the unconstitutionality of Act No. 315 of 1946 is invoked and Ordinance No. 401 adopted by the Board of Trustees of the City of Lafayette on February 28, 1950, allegedly in conformity with the provisions of that act is also attacked.
“The legislative act involved delegates to municipal corporations the power to contract or expand their corporate limits and prescribes the requirements that have to be 'followed in carrying out its provisions. The Board of Trustees of the City of Lafayette initiated the legislative procedure to annex a large area abutting its existing corporate limits in the early part of 1950 and on February 28, 1950, adopted the ordinance incorporating the additional territory within its boundaries.
“The plaintiff herein, Maurice T. Mouton,. an attorney-at-law residing in the newly *639 annexed area, appearing in propria persona, filed the present suit in the district court for the Parish of Lafayette on March 22, 1950 in which, as already stated, he attacks the act of the Legislature as being unconstitutional and the ordinance of the'City of Lafayette as being invalid.
“In his petition he alleges tliat Section 4 of Act No. 315 of 1946 is violative of Article 1, Section 6 of the Constitution of Louisiana of 1921 and of Paragraph 1 of the Fourteenth Amendment of the Constitution of the United States, because it limits judicial inquiry into its provisions to the sole question of reasonableness of the proposed extension of the City of Lafayette and he is thus deprived of his constitutional right to ascertain whether its provisions have been complied with and consequently he is deprived of his constitutional right of also pursuing any remedy he may have by due process of law. He alleges that Ordinance No. 401 of the City of Lafayette is illegal, null and void because, it was adopted on a day and date ten days after the publication of the notice of filing of the petition for incorporation in contravention of the provisions of the statute.”
In the alternative he alleges that the proposed plan of annexation is unreasonable for various reasons he sets out but which, in view of the decision we have reached on the question raised by the motion to dismiss the appeal, it becomes unnecessary for us to detail or mention those allegations in this opinion.
The case was disposed of on an exception of no cause or right of action in the District Court. The exception was sustained and plaintiff’s suit dismissed. He then appealed.
In this court, the -City of Lafayette, defendant-appellee, has filed a motion to dismiss the said appeal, in which it avers “that pending this appeal, the Louisiana Legislature, in its 2nd. extra-ordinary session, held in 1950, enacted Act 13, amending the Charter of the City of Lafayette, Louisiana, Act No. 310 of 1914, and providing for the extension of the Corporate Limits of the said City, so as to include therein, the exact area, no more, no less than that sought to be included by Ordinance No. 401, Commission Form of Government Series, City of Lafayette, Louisiana under the provisions of Act 315 of 1946. That in view of the foregoing Legislation, any judgment rendered on this appeal relating to Plaintiff-Appellant’s cause of action cannot be effective and would be in effect an opinion on a moot question and abstract proposition from which no practical results can follow. It is impossible on this appeal for this Court to undo what has already been done, and that in accordance with the jurisprudence of this Court and that of the Supreme Court of Louisiana, Plaintiff-Appellant’s appeal in this cause should be dismissed.”
The City of Lafayette was incorporated by the Legislature by Act 310 of 1914. The plaintiff, in his brief, admits that Act No. 13 of the Second Extra-ordinary Session of 1950, so amends the said Act 310 of 1914, as to incorporate the exact area which the said city had attempted to incorporate by Ordinance No. 401 under the provisions of Act 315 of 1946. What is the legal effect of said Act 13 upon this suit or appeal? Has it made the issues in this case moot ?
As we view Act 13, we are of the opinion that the Act repeals Ordinance No. 401 of the City of Lafayette. The Act supersedes the action of the City of Lafayette. The situation is the same as if the City of Lafayette had repealed the Ordinance. The plaintiff finds himself in the same situation as did the plaintiffs in the case of City of New Orleans v. Lakowsky, 158 La. 70, 103 So. 513, wherein it was held that “Repeal of ordinance is complete bar to further proceedings thereunder”.
However the plaintiff opposes the motion to dismiss the appeal for the reason that Act 315 of 1946 gave him a vested right to attack said ordinance No. 401 and the Legislature could not divest him of that right by passing Act 13. Our interpretation of Act 315 of 1946 is that- it provides a procedural remedy which can be altered at the will of its creator, the Legislature. Act 310 of 1914 likewise created the City of Lafayette, with its boundaries. The Legislature has the power to *640 enlarge or diminish the City s limits at will. No one can question its rights under the Constitution. Plaintiff did not have any vested rights in the suit to such an extent that it deprived the Legislature from acting in the premises as it saw fit.
He also questions the constitutionality of Act No. 13 of the Second Extra-ordinary Session of 1950. It appears to us that we cannot entertain, at present, the constitutionality of the Act in this case. It is a matter which must be raised in another suit, if he so desires.
Consequently we find no merit in plaintiff’s contention. The subject matter of this suit being a moot question, there only remains for this court to dismiss the appeal, which we accordingly decree.
Appeal dismissed.