51 So.2d 342 (1951)
BRELAND et al.
v.
CITY OF BOGALUSA.
No. 3370.
Court of Appeal of Louisiana, First Circuit.
March 15, 1951.
*343 Ott & Watts, Franklinton, for appellants.
Henry Richardson, City Atty., Bogalusa, for appellee.
LOTTINGER, Judge.
The plaintiffs herein are twelve citizens and residents of an area which is sought, by ordinance, to be annexed to the City of Bogalusa. Said ordinance was adopted by the Commission Council of the City of Bogalusa under the provisions of Act No. 315 of the Louisiana Legislature of 1946, LSA-RS 33:171 et seq. Plaintiffs bring this suit to have said ordinance set aside. From judgment in favor of defendant, plaintiffs appeal.
Plaintiffs allege that on the 7th day of December, 1948, the Commission Council of the City of Bogalusa adopted a resolution in which they proposed to incorporate into the city limits of said city a certain tract of land described in Article 2 of said petition. They own property within said described area and oppose the adoption of said ordinance for the reason that the proposed incorporation of the area into the city limits is unreasonable and a detriment to petitioners, who own the greater part of said area, and furthermore that the said area is at present devoted for the most part to agriculture, grazing and other farm and agricultural interests, with very few residential owners, and the said incorporation could result only in additional taxation on petitioners with no compensating benefits to be derived therefrom. In a supplemental and amended petition the petitioners allege that the Commission Council of the City of Bogalusa adopted the said ordinance, which annexed the area in question, at the original offering or reading of said ordinance as an emergency measure and that in truth and in fact no emergency whatsoever existed. They, accordingly, seek to set aside said ordinance on the said grounds. The answer of the City of Bogalusa constitutes, in substance, a general denial of petitioners' petition. The lower court, in a well reasoned opinion, rendered judgment in favor of the City of Bogalusa, from which judgment the petitioners took a suspensive appeal to the Supreme Court. The Supreme Court, upon deciding that the amount involved was not sufficient to bring the matter into the scope of its appellate jurisdiction, removed the matter to this court. 217 La. 727, 47 So.2d 334.
Act No. 315 of the Louisiana Legislature of 1946 grants unto the existing incorporated municipalities of this state, with the exception of the City of New Orleans, the right to enlarge or contract their limits and boundaries. Section 2 of said act reads as follows: "No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of the municipality containing the written assent of 25% in number of the resident property owned in said territory as well as 25% in value of the property with the area proposed to be included in the corporate limits according to the certificate of the Parish Assessor. The valuation shall be certified to by the assessor according to the assessment of each of the owners signing the petition. Where there has been a change of ownership since the last assessment of the property, the assessor is authorized and directed to certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case where the property of the present owner has not *344 specifically been assessed the assessor is authorized and directed to estimate the assessed value of said property for the current year and to certify same as the value of the property.
"Notice by publication shall be given once of the filing of said petition in some newspaper published or having general circulation in said municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten (10) days after the publication of said notice. Anyone desiring to be heard with reference to said proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities before adopting any ordinance, shall grant such hearing."
Section 3 of said act provides that no ordinance enlarging the boundaries of the municipality shall become operative until thirty days after it has been published in a newspaper having general circulation therein. Section 4 of said act gives any interested citizen of the municipality or of the territory proposed to be annexed the right within the said thirty day period to file suit to contest the proposed extension, and the question to be decided shall be whether said proposed extension is reasonable.
According to the evidence and record in this proceeding, all requisites set forth by the said act were complied with. A petition was signed by the requisite number of residents of the area requesting incorporation into the City of Bogalusa, these petitioners owned the requisite assessed valuation of property within the said area, as is shown by the certificate of the parish assessor listing the valuation on property of all owners in the area. The petition was filed and advertised, as is required by said act, and several meetings were held by the Commission Council at which property owners of the area were present and registered their approval or disapproval of the proposed extension. Petitioners have made no claim that the provisions of said act were not complied with. We therefore conclude that the procedure followed by the Commission Council in passing the ordinance, insofar as Act No. 315 of 1946 is concerned, was proper and in accordance with the provisions of said act.
The questions in dispute are as follows:
(1). Did the Commission Council of the City of Bogalusa have the right to adopt the ordinance as an emergency measure.
(2). Was the annexation of the said territory to the City of Bogalusa by the Commission Council of the City of Bogalusa an unreasonable exercise of delegated authority.
The lower court, in disposing of the first question, stated as follows:
"The City of Bogalusa was incorporated and its charter granted under the provisions of Act No. 14 of the acts of the Louisiana Legislature for the year 1914. Section 8 of the said charter provides as follows: `No ordinance or resolution shall pass the Commission Council at the same session at which it is first offered, unless the Commission Council declares by unanimous vote that it is an emergency measure, but every other ordinance or resolution shall, at its first offering, be read in full and shall lie over at least one week before being finally considered by the Commission Council.'
"The minutes of the meeting of the Commission Council of the City of Bogalusa, as of the date of December 7th, 1948, show that the ordinance in question was offered and voted on as an emergency measure by the unanimous vote of the members of said Commission Council. In other words, what the Council did in connection with the passage of the said ordinance was to follow exactly the procedure laid down, in Section 8 of the charter of the City of Bogalusa. Since said Commission Council followed the exact procedure laid down, then to my mind it is impossible for the petitioners herein to question whether or not said ordinance was an emergency measure. That was a question left entirely to the discretion of the members of the Commission Council, provided they followed the procedure laid down in Section 8 of the charter and this *345 they did as reflected by the minutes of the meeting of the Commission Council on December 7, 1948, and, therefore, the question as to whether or not the ordinance constituted an emergency measure became a closed issue and said ordinance could not be attacked on the ground of whether or not it was an emergency measure."
Counsel for petitioners claims that when the Commission Council seeks to pass an ordinance as an emergency measure, it must have reasonable grounds therefor, that the question of whether or not the ordinance was validly passed as an emergency measure also resolves itself into a test of reasonableness. He claims that, as there was no necessity for instant action, the Commission Council acted unreasonably in declaring the ordinance an emergency measure, and that therefore the ordinance was not passed properly and is invalid. We find no merit in this contention by petitioners. The power to declare whether or not the proposed ordinance is an emergency measure is delegated to the Commission Council of the City of Bogalusa by the legislature in the charter of said city. The method of determining whether the ordinance is an emergency one is to be determined by vote of the members of the council, and an unanimous vote is necessary in order to declare said ordinance as an emergency one. When the Commission Council has declared the ordinance to be an emergency measure by the required vote, the sole remedy of the interested citizen is under Section 4 of Act No. 315 of 1946. Under said section and act the question to be determined is whether the proposed extension is reasonable, which question will be considered hereinbelow. We, therefore, conclude that the act of the Commission Council in declaring the ordinance an emergency measure met all the requirements of the charter of the City of Bogalusa, and that the petitioners have no right to oppose the enactment of the ordinance as an emergency measure.
Plaintiffs attempted to show that the ordinance annexing the said area to the City of Bogalusa was unreasonable for several reasons, chiefly among which were the facts that a great portion of the area consisted of farm and pasture lands, and that no promises of city benefits were made to the residents of the area.
The evidence and the record indicates that the acreage annexed to the city by the disputed ordinance was slightly in excess of sixty acres, and that the area was almost rectangular in shape. One of the petitioners testified that he had counted seventy residences in the area. Testimony as to the percentage of vacant or open land in the area ran from one-third to two-thirds. The annexed territory is in the immediate vicinity of one of the largest commercial and industrial sections of Bogalusa, and it was shown that the area lies between the city and a site upon which a terminal for the Pearl River navigation project is to be built by the City of Bogalusa in the near future. It is evident that after construction of said terminal, the City of Bogalusa will grow in the direction of the annexed area, and that most of the traffic between the city and the terminal will pass through the said area.
Petitioners claim that no promises of improvements were made the residents of the area by the Commission Council, and that, as a result of the annexation of the area, they will be taxed without their receiving any benefits from being incorporated into the City of Bogalusa. The evidence shows that the Commission Council did not promise such benefits as hardsurfaced roads, sewerage, or fire-plugs to the inhabitants of the area. Such improvements are expensive and involve much planning and we might assume that, by the mere fact of annexation of said area into the corporate limits, the residents will receive such improvements when conditions warrant same. It was shown that, at the time of trial, certain older areas within the city were not blessed with such benefits. On the other hand, the evidence does indicate that the Commission Council does intend to maintain the streets, furnish city water, provide for surface drainage, and furnish police and fire protection to the residents of said area. As a matter of *346 fact, there was evidence to the effect that some of the residents of said area received certain of the city benefits prior to the adoption of the ordinance and without payment of city taxes therefor.
Counsel for petitioners, in support of the claim of unreasonableness, cites Harvey Canal Land & Improvement Co., v. Gelbke, Mayor, 166 La. 896, 118 So. 75. In that case the court held an ordinance annexing territory to the City of Gretna as being unreasonable. The facts show that prior to passage of the ordinance, Gretna comprised an area of 821 acres, of which 253 acres was vacant and unimproved, and a population of 11,560. The territory sought to be annexed comprised 1,862 acres, of which 450 acres was in the bed of the Mississippi River, and a population of from 4,000 to 6,000 inhabitants. A large portion of the said area was open fields, farming and grazing lands. The assessed valuation of the City of Gretna, by virtue of the annexation, would have been practically doubled.
There can be no doubt as to the dissimilarity of the above cited case to the one now under consideration. In this case the area annexed by the ordinance is small compared to the size of the City of Bogalusa prior to the passage of the ordinance, and the increase in the assessed valuation is small. In the Harvey Canal case, the court held the ordinance unreasonable because it was obviously passed for the purpose of subjecting the annexed area to municipal taxes. We find no similar purpose in this case.
Counsel for petitioners also cited Pyle v. City of Shreveport, 215 La. 257, 40 So.2d 235, 239, as authority for holding the ordinance unreasonable. In that case, two areas were annexed to the City of Shreveport by one ordinance. Said areas were not adjoining or contiguous to one another, however, they did adjoin the City of Shreveport. The boundaries of one of the areas was irregular, obviously for the purpose of including some lots, while excluding others. A large portion in the center of one of the areas was excluded from annexation. The court held that the ordinance did not meet the requirements of Act No. 315 of 1946 saying: "citizens of two separate areas cannot by two separate petitions, each seeking to have its own respective area annexed without reference to the other, merge the two areas for annexation in one ordinance." On rehearing, the court being asked to pass upon the reasonableness of the extension, said: "The arbitrary fixing of the boundary lines in such a manner as to exclude and include property in the same vicinity and the arbitrary exclusion of property within the boundaries is not only unreasonable but discriminatory."
The area annexed to the City of Bogalusa in the disputed ordinance was almost rectangular in shape. The boundaries were straight and there was no arbitrary inclusion or exclusion of property owners.
Section 4 of Act No. 315 of 1946 gives to any interested citizen of a municipality or the territory proposed to be annexed thereto the right to contest the proposed extension. This right must be asserted within thirty days before the said ordinance becomes effective, and the question to be decided is whether the proposed extension is reasonable. The burden of proof necessarily falls upon the party contesting the ordinance to prove the unreasonableness thereof. We do not feel that plaintiffs have sustained this burden of proof. In view of the proposed construction of the terminal for the Pearl River Navigation project beyond the annexed area, it was reasonable for the Commission Council to expect the City of Bogalusa to grow in that area. Certain facilities and improvements, in time, could be furnished by the city to attract residents to the area. The size and assessed valuation of the area were small when compared to that of the City of Bogalusa. The mere fact that no concrete promises of immediate benefits to the residents of said area were made by the Commission Council would be no reason for our holding the ordinance unreasonable. Such benefits are the result of long range planning and financing *347 and promises of such cannot be lightly made by the city fathers.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.