HAWTHORNE, Justice.
Allen Jones Boothe was charged with the violation of R.S. 56:411 which prohibits the seining of fish for commercial purposes between certain designated points in the Tensas River. He was tried, found guilty, and sentenced to pay a fine of $100 and costs, or in default of the payment of the fine to serve a term of 90 days on the East Carroll Parish penal farm. From this Conviction and sentence he has appealed to this court.
It is obvious that this court does not have appellate jurisdiction of this criminal case. The crime charged against the defendant in the bill of information iá a misdemeanor denounced by a statute of this state. Since a fine exceeding $300 or imprisonment exceeding six months has not been actually imposed, this court is without appellate jurisdiction under Article VII, Section 10, Paragraph 7, of the Louisiana Constitution.
Furthermore, defendant has no right of appeal under Paragraph '5 of this same section and article óf the Constitution. It is true that defendant filed a motion in the lower court. to quash the information on .the'ground that, the state statute under which he was-, being prosecuted was unconstitutional. However, defendant’s motion was overruled and the statute was held constitutional by the trial judge. Under the provisions of Paragraph 5 it is only when a statute of the state is adjudged ««constitutional that this court has jurisdiction over the question of constitutionality in a case not otherwise appealable to this court. La.Const.1921, Art. VII, Sec. 10, Par. 5; State ex rel. Thoman v. Williams, 164 La. 202, 113 So. 817; Batts v. Marthaville Mercantile Co., 193 La. 1072, 192 So. 721; Mouton v. City of Lafayette, 217 La. 894, 47 So.2d 679. See also City of Alexandria v. Alexandria Fire Fighters Ass’n, 220 La. 754, 57 So.2d 673.
The appeal is dismissed.