HAMITER, Justice.
On October 7, 1954 the district attorney of Iberville Parish, pursuant to the provisions of LSA-R.S. 42:76 and at the formal request of 144 residents of and owners of property within the hereinafter mentioned proposed municipality, instituted this action in the name of the State of Louisiana praying for a judgment “ * * * decreeing the incorporation of the Village of North Plaquemine by proclamation of the Honorable Robert F. Kennon, Governor of the State of Louisiana, of date August 24, 1954, to be null, void and of no effect, * * * decreeing Sam A. Distefano, Sr., Gasper Pizzolato, Sr., Tracey A. Chapman, Sr., Warren F. Roberts and Clovis Martinez to be usurpers and intruders into their respective offices, and that said named officers be ousted and excluded therefrom [and further] * * * decreeing all proceedings, ordinances, resolutions or acts adopted or performed by said parties in their pretended official capacities to be null, void and of no effect.” (Brackets ours.)
In support of that prayer plaintiff alleged that the Village of North Plaquemine in Iberville Parish, purportedly created by a proclamation under the authority of LSA-R.S. 33:52, was unduly, unlawfully and illegally incorporated in that the petition for the incorporation on which the Governor’s proclamation issued (1) was not published in full, (2) was not signed by the petitioners prior to the commencement of the purported publication, (3) was not properly posted within the area sought to be incorporated, and (4) did not correctly and adequately describe the boundaries of the proposed incorporation.
*1101 In a supplemental petition plaintiff further alleged on information and belief that the defendants, pretending to act as officials of the so-called Village of North Plaque-mine, “ * * * are now and since the filing of this suit have been illegally and without lawful authority attemping to levy and collect license taxes, and possibly other licenses and taxes, from the owners or operators of businesses conducted and carried on in the area located within the definable limits of said illegally incorporated village.” And he prayed for injunctive relief restraining the defendants from so acting.
When a rule issued in connection with the supplemental petition came on for hearing counsel for all parties stipulated in writing that “ * * * a judgment should be rendered herein ordering the issuance of a preliminary writ of injunction, to be effective during the pendency of these proceedings in the district court and appellate court, in favor of relator and against the defendants, * * * ” prohibiting them from levying and collecting any taxes and from performing other acts as purported officials of the Village of North Plaque-mine. And, pursuant to that stipulation, the court granted a preliminary injunction.
The defendants then filed an answer in which they reaffirmed the stipulation for the injunction and affirmatively averred the validity of the incorporation. Thereafter, the cause was tried on its merits.
In due course the district court rendered a judgment in plaintiff’s favor granting the relief prayed for in the original petition.
From the judgment defendants requested and obtained the instant appeal. However, we are convinced that this court is without jurisdiction of it.
Involved here is only the issue of the validity of the proclamation purportedly incorporating the Village of North Plaquemine or, in other words, of the right of the defendants to maintain and operate the delineated area as an incorporated municipality. And the jurisprudence is well settled that this court does not have appellate jurisdiction of litigation involving merely a civil or political right which is not susceptible of specific valuation. Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; Breland v. City of Bogalusa, 217 La. 727, 47 So. 2d 334; Mouton v. City of Lafayette, 217 La. 894, 47 So.2d 679; and Grace v. Boggs, 220 La. 22, 55 So.2d 768.
In suggesting that we are vested with jurisdiction of the appeal appellants make reference to' the preliminary injunction issued pursuant to plaintiff’s supplemental petition and state: “ * * * This injunction has caused the deprivation of over $2,000.-00 worth of revenues to the Village Treasury ; on the other hand, the failure to issue the injunction would have caused the pay *1103 ment of over $2,000.00 in taxes and licenses by the business establishments and property owners of North Plaquemine.”
 It is to be noticed that the injunction requested by plaintiff and granted herein was merely incidental to the main demand, its sole purpose being to maintain the status quo pending a determination of the principal issue involved — the validity of the incorporation. As a general proposition an appeal on an incidental demand follows the appeal on the main demand. Article 7, Section 1, Louisiana Constitution-LSA; Succession of Solari, 218 La. 671, 50 So.2d 801; State ex rel. Sitges v. Bayou Terre Aux Boeuf Drainage District, 221 La. 985, 60 So.2d 895; and D’Asaro v. Cotonio, 223 La. 624, 66 So.2d 572.
Again, there was never any dispute in this litigation as to plaintiff’s right to injunctive relief pending the outcome of the main demand. The preliminary injunction issued, as before shown, on a stipulation or agreement of counsel.
 But be that as it may, and assuming for the sake of argument that the effect of the injunction is to be considered in determining appellate jurisdiction, the record does not disclose with any degree of certainty that the value of the right in contest exceeds $2,000, the jurisdictional minimum of this court. True, evidence was introduced tending to show that the real property in the area on which taxes might be imposed had an assessed valuation of some $600,000; and that the levying of such taxes and also occupational licenses, with an expected yield of annual revenues totaling in the neighborhood of $7,000, had been contemplated by the Board of Aldermen. However, no levies have been effected, and it would not be correct to say that the requisite jurisdictional amount can be ascertained from problematical acts of the municipality’s officials.
Furthermore, as to such contemplated revenues an observation made by this court in Mouton v. City of Lafayette, supra [217 La. 894, 47 So.2d 681], when considering the jurisdiction of an appeal from a judgment respecting annexation of real property by the defendant'therein, is appropriate. We observed: “Assuming that the amount of revenues to the city can be taken as a factor in determining the value of the right in contest in this suit, we hardly believe that that could be said to be the amount in dispute because necessarily out of those revenues the City would have to provide for the new obligations incurred by reason of the annexation and for the extra expenses in furnishing the people residing in the added area the fire and police protection they would be entitled to and the various facilities which are usually afforded by a municipality to its citizens. Certainly in this case therefore there is nothing on which *1105 the value of the right involved can be definitely ascertained as it was held it has to be in the case of Breland v. City of Bogalusa, supra.”
It is our opinion, therefore, that we have no authority to' entertain the instant appeal.
For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellants shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.