90 So.2d 802

Eugene B. SCOTT et al.

v.

CITY OF WEST MONROE, Louisiana.

No. 42491.

Nov. 5, 1956.

Fred Fudickar, Jr., Monroe, for appellant.

John F. McCormick, West Monroe, for appellee.

PONDER, Justice.

In this suit the plaintiffs, owners of business enterprises situated on Cypress Street in the City of West Monroe, are seeking to enjoin the City from the enforcement of an ordinance which prohibits the parking of all types of vehicles or things on Cypress Street from its intersection with Seventh

Street to its intersection with Bridge Street, prohibiting the parking of vehicles or things on the East side of Cypress Street from its intersection with Natchitoches Street to its intersection with Bridge Street and prohibiting the parking of vehicles or things on Bridge Street from the new traffic bridge to its intersection with Cypress Street. A temporary restraining order was granted. The City answered the suit and interposed exceptions of no right or cause of action which were referred to the merits. The plaintiffs contended in the lower court that the ordinance was arbitrary, unreasonable, oppressive and unfair, and in violation of Article I, Section 2 of the State Constitution,—LSA. Upon hearing, the lower court upheld the constitutionality of the ordinance, dismissed the temporary restraining order and the application for a preliminary injunction. The plaintiffs have appealed to this Court.

The appellants concede that since the lower court held the ordinance to be constitutional, this Court is without appellate jurisdiction unless the value of the right involved in this case can be definitely fixed in excess of $2,000.

The ordinance in question has never been enforced and the appellants are relying on the testimony of witnesses based entirely upon conjecture and speculation. This testimony is to the effect that the business of the plaintiffs has suffered since the ordinance was adopted by a loss in their gross sales in excess of $2,000. This testimony is not based on net profits and since the ordinance has not been enforced, we cannot say with any degree of certainty what the value of the right involved herein would be if the ordinance was enforced. The appellants also rely on the testimony of one of the plaintiffs that he would have to move his building back in order to provide off-street parking, which would cost him approximately $2,000. This witness under cross-examination admitted that his decision to move his building back to provide for parking was not prompted by the passage of the ordinance.

■ This Court has consistently held in recent years that where a right is involved the record must affirmatively show that the right has a value in excess of $2,000 in order to give this Court appellate jurisdiction. Breland v. City of Bogalusa, 217 La. 727, 47 So.2d 334; Mouton v. City of Lafayette, 217 La. 894, 47 So.2d 679.

■ Since our appellate jurisdiction is not affirmatively established, the appeal in this case should be transferred to the appropriate court of appeal.

For the reasons assigned, it is ordered that this cause be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of Act No. 19 of 1912, LSA–R.S. 13:4441, 13:4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.