**200**

The CITY OF BLUFF CITY, Appellee,

v.

William E. MORRELL, et al.,
Appellants.

Supreme Court of Tennessee,
at Knoxville.

Dec. 27, 1988.

Timothy W. Hudson, Slaughter, Jackson & Hudson, Bristol, for appellee.

David W. Tipton, Watson, Tipton & Jones, Bristol, for appellants.

David L. Buuck, Claiborne, Davis, Buuck & Hurley, Knoxville, for amicus curiae of Irving C. Flanders, Col. H. Freeman Brook, and Jesse Barton.

David E. Rodgers, Kramer, Rayson, McVeigh, Leake & Rodgers, Knoxville, for amicus curiae of Town of Farragut.

OPINION

DROWOTA, Justice.

We granted appellants, William E. Morrell and other residents of Sullivan County, Rule 11 application in order to clarify the procedure to be followed when a municipality seeks to abandon or repeal an annexation ordinance, when a quo warranto proceeding has been filed challenging the ordinance. Plaintiff, The City of Bluff City, instituted this declaratory judgment action seeking a determination as to the validity of their annexation ordinance.

The facts are not in dispute. On March 20, 1980, the Bluff City City Council passed on third and final reading, an ordinance annexing an area commonly known as the Hillcrest section of Sullivan County. On

April 16, 1980, a group of residents of the annexed area, appellants herein, instituted a quo warranto action in the Chancery Court for Sullivan County challenging the validity and reasonableness of the annexation ordinance. The residents sought to have the annexation ordinance set aside and declared invalid.

On July 2, 1981, the Bluff City City Council met and, according to its minutes, by motion voted "to kill the annexation suit." On August 27, 1981, an agreed order was entered dismissing the quo warranto action on motion of the defendant, Bluff City, on the ground that the same had been rendered moot by action of the Bluff City City Council. The order read that pursuant to T.C.A. § 6–51–106 [1], on July 2, 1981, the Ordinance of Annexation dated March 20, 1980, was rescinded and thereby the annexation undertaken by said Ordinance was discontinued and abandoned.

On March 20, 1986, Bluff City filed this declaratory judgment action requesting the Court to declare as invalid the action of the City Council on July 2, 1981, to "rescind" the annexation ordinance. Bluff City contends its actions in attempting to rescind were ineffective and did not result in an abandonment of the annexation ordinance and the Hillcrest section is therefore lawfully incorporated as part of the city. The Hillcrest area residents filed an answer contending the previous action of the Court "constituted an adjudication of the case which now becomes res judicata in the instant action." The residents requested the Court to dismiss the action and to declare the annexed area is not currently a part of the City of Bluff City.

At the hearing of this cause on August 21, 1986, Bluff City offered no evidence, stating it was relying on the pleadings and documents of record. The residents called as their only witness Wesley Edens, who was the City Attorney for Bluff City in August, 1981. He stated that pursuant to the motion passed by the City Council, he

was instructed to approve an order dismissing the annexation case.

The Chancellor held that the original ordinance of annexation was "validly passed on third and final reading March 20, 1980 by the Bluff City Board of Mayor and Aldermen; that there was never any subsequent adjudication by any Court that the said ordinance was subject to being overturned for any reason; that the action of the said Board on July 2, 1981 had no legal effect because the Board did not on that date have legal authority to rescind/abandon the annexation ordinance and that the territory described in the ordinance and resolution legally became a part of the boundaries of Bluff City, Tennessee, on the date the decree became final when the quo warranto suit was dismissed." The residents appealed the Chancellor's decision to the Court of Appeals, contending the trial court erred in finding Bluff City's action in rescinding its previously passed ordinance of annexation and subsequent agreed dismissal of the quo warranto action had no legal effect.

The Court of Appeals, in a two to one decision, held that "since there was no determination by the court of the invalidity of the ordinance, which became operative 30 days after the entry of the agreed order, the decree of the Chancellor must be affirmed." The dissenting judge held that "the city is estopped from violating its agreement with the defendants."

We must first determine whether Bluff City may, after passage of annexation by ordinance, take action to rescind, abandon, void, or otherwise nullify the annexation ordinance during the period in which it has been challenged by quo warranto proceedings? The filing of the quo warranto proceedings, pursuant to T.C.A. § 6–51–103, places in abeyance the operation of the annexation ordinance pending a determination of the reasonableness of the ordinance. We are of the opinion that neither T.C.A. §§ 6–51–106 nor 6–51–201, which deal with abandoning and contracting, are applicable

---

1. **T.C.A. § 6–51–106. Abandonment of proceedings.** Any annexation proceeding initiated under § 6–51–102 or § 6–51–104 may be abandoned and discontinued at any time by resolution of the governing body of the municipality.

in this case. Section 6–51–106[2] is applicable only in situations where the annexing municipality has "initiated" annexation proceedings but has not yet passed an annexation ordinance. In the case at bar, the ordinance has been passed and is being challenged by quo warranto. The fact that a quo warranto proceeding has been filed challenging the validity of the ordinance makes Section 6–51–201 inapplicable to this case. That code section deals with valid ordinances of annexation that have become operative and the territory incorporated into the city. Section 6–51–201 is the only method by which such territory may then be deannexed. Hillcrest had not yet become a part of Bluff City, because of the pending quo warranto action and thus the provisions of Section 6–51–201 governing contraction of municipal boundaries are not applicable.

■■■ We are also of the opinion that passage of a motion "to kill the annexation suit" is inappropriate. We are in agreement with the Court of Appeals that the act which repeals an ordinance must be of equal dignity with the act which establishes it, and must be enacted in the manner required for passing a valid ordinance. An ordinance can be repealed only by another ordinance, and not by a mere resolution, order, or motion, or by a void ordinance. 62 C.J.S. *Municipal Corporations* § 435(b)(3), p. 836 (1949), *Cf. City of Lebanon v. Baird,* 756 S.W.2d 236 (Tenn.1988). An annexation ordinance once validly passed but not yet operative because of a quo warranto proceeding can be repealed when the legislative body acts with equal dignity and in full compliance with procedures required for passing a valid ordinance. However, an attempted repeal by motion "to kill the annexation suit" is not an act of equal dignity.

■■■ The order entered in the quo warranto proceeding on August 27, 1981, was in the nature of a consent decree, which both parties believed would have the effect of resolving the issues raised. The parties and the Chancellor were in error. The order states that pursuant to T.C.A.

§ 6–51–106 the Ordinance of Annexation dated March 29, 1980, was rescinded on July 2, 1981, and the annexation undertaken by said ordinance was discontinued and abandoned. We have previously held that T.C.A. § 6–51–106 is inapplicable because the annexation proceeding was not "initiated" and thus subject to abandonment. In the case at bar the ordinance had, in fact, been passed and was being challenged. *Lee v. City of Chattanooga,* 500 S.W.2d 917, 919–920 (Tenn.App.1973). The action taken by the Bluff City City Council on July 2, 1981, did not render the quo warranto proceeding moot.

In a quo warranto proceeding the court should either: (1) find the ordinance unreasonable and enter an order vacating the annexation ordinance and the municipality would be prohibited from annexing any part of the territory proposed for annexation by such vacated ordinance for a period of at least twenty-four (24) months, or (2) find the ordinance reasonable and valid and enter an order sustaining the validity of the ordinance, which should then become operative thirty-one (31) days after judgment is entered. T.C.A. § 6–51–103(c). The Chancellor in this case made neither finding, for there was no actual trial on the merits. The Chancellor erroneously dismissed the case, based on the mistaken representation by the attorneys for the parties that the case was moot. He did not dismiss with prejudice or hold the annexation ordinance unreasonable.

In this declaratory judgment action we have been asked to determine if the action taken by the City Council to abandon or kill the annexation ordinance was valid, and what effect their action had on the order dismissing the quo warranto proceeding. We agree with the Chancellor and the Court of Appeals that the action of the City Council on July 2, 1981, had no legal effect.

The residents aver that they would not have surrendered their right to challenge the annexation ordinance, except for the City's representation that the dismissal would result in the rescission of the annex-

**2.** See footnote 1.

ation ordinance. They contend that had they been aware that the City would later seek to renege on its representations that it had decided to terminate the annexation controversy, they would have chosen to pursue the quo warranto on the merits, and would not have given up their statutory right to challenge the validity of the ordinance. The residents seek to have this Court find that the agreed order of August 27, 1981, was final and the effect of the order was to resolve the reasonableness issue in favor of them as if it had been heard on its merits and thereby rendering the annexation ordinance invalid. The problem with this argument is that there may be reasons, other than an admission by the City that the proposed annexation ordinance is unreasonable, why a municipality may wish to repeal an annexation ordinance. This record is unclear as to why Bluff City unsuccessfully attempted to abandon their annexation ordinance pursuant to T.C.A. § 6–51–106. However, as noted previously, their attempt to repeal the ordinance could not be accomplished by motion or resolution. Once an ordinance has been finally passed, and the operation of the ordinance is in abeyance due to the filing of a quo warranto action, the proper method of repeal is by passage of an act of equal dignity. This was not done by Bluff City and we have a situation where suit was dismissed for mootness, when in fact the suit was not moot, because the annexation ordinance had not been validly abandoned or repealed.

Bluff City now contends that its action on July 2, 1981, was ineffective and did not result in an abandonment of the annexation ordinance and, therefore, the area is lawfully incorporated as part of the City. This position is totally inconsistent from that asserted to the Court in August, 1981. We are of the opinion that where dismissal of a quo warranto proceeding has been induced by the actions of the City and representations to the Chancellor that the annexation sought by the City has been terminated, the City should not now be allowed to rely upon the invalid "terminated" annexation as a basis of future argument that the territory has been incorporated into the City.

Under the circumstances of this case, the parties should be placed back in the position that existed before entry of the erroneous order. The parties to this declaratory judgment action are identical to the parties in the quo warranto proceeding. Therefore, appellants are allowed thirty (30) days in which to reinstitute their quo warranto action challenging the validity of the original ordinance. If no action is brought within the thirty (30) day period, then the judgment of the Chancellor, affirmed by the Court of Appeals, will be made the judgment of this Court. The costs of this cause will be taxed equally to appellee and appellants.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.