**STATE of Tennessee, ex rel. Eugene D. SCHALTENBRAND, et al. (No. 1241), State of Tennessee, ex rel. John Fanjoy, et al. (No. 1242), State of Tennessee, ex rel. Wallace E. Souther, et al. (No. 1249), First Utility District of Knox County, Tennessee (No. 1251), First Utility District of Knox County, Tennessee (No. 1252), Plaintiffs/Appellants,**

**v.**

**CITY OF KNOXVILLE, Defendant/Appellee.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

May 12, 1989.

Application for Permission to Appeal Denied by Supreme Court, Aug. 7, 1989 *.

David L. Buuck, Claiborne, Davis, Buuck & Hurley, Knoxville, for plaintiffs/appellants State of Tenn., et al.

John A. Lucas, G. Mark Mamantov, Knoxville, for plaintiff/appellant The First Utility Dist. of Knox County, Tenn.

Thomas A. Varlan, Law Director, John T. Batson, Jr., Deputy Law Director, Knoxville, for defendant/appellee City of Knoxville.

FARMER, Judge.

This is the consolidated appeal of five *quo warranto* actions which were dismissed for mootness.

On March 24, 1987, six ordinances annexing different areas contiguous to the City of Knoxville were passed by the City Coun-

* Applications were filed and denied in Nos. 1241, 1242, and 1249.

cil on final reading. The following day, these suits were brought pursuant to T.C.A. § 6–51–103 challenging the reasonableness of three of the ordinances. Those ordinances were repealed by the City of Knoxville by ordinances passed on May 17, 1988 and August 25, 1988. Subsequently, the Chancellor dismissed each of these *quo warranto* actions as moot. Each plaintiff perfected an appeal to this Court where the cases were consolidated.[1]

We perceive the issue presented to be:

Whether the trial court correctly dismissed these *quo warranto* actions as moot after the subject annexation ordinances were validly repealed.

This case presents solely a question of law, therefore, this Court must review this question *de novo* on the record with no presumption of correctness for the Chancellor's conclusions. *Billington v. Crowder*, 553 S.W.2d 590 (Tenn.App.1977).

■ The first question which must be addressed is whether the City has the power to repeal the annexation ordinances which are the subject of pending *quo warranto* proceedings challenging the reasonableness of the ordinances. This question was answered in the affirmative by the Supreme Court in *City of Bluff City v. Morrell*, 764 S.W.2d 200 (Tenn.1988). In that case, the court held that a mere resolution to kill an annexation suit was insufficient and determined that "[a]n annexation ordinance once validly passed but not yet operative because of a *quo warranto* proceeding can be repealed when the legislative body acts with equal dignity and in full compliance with procedures required for passing a valid ordinance." 764 S.W.2d at 202. Generally, "the power of a municipal corporation to repeal an ordinance or a resolution is, by necessary implication, as broad as the power to enact it." *State ex rel Patton v. Mayor and Bd. of Aldermen, City of Lexington*, 626 S.W.2d 5, 6 (Tenn. 1981). This power is limited when the ordinance sought "to be repealed is contractual in nature, or where it is enacted under a limited grant of authority to do a single

designated thing in the manner and at a time fixed by the legislature." *Patton*, 626 S.W.2d at 6. Outside of these circumstances, a city may not enact an ordinance which may not be repealed. *See* 62 C.J.S., Municipal Corporations, § 435(b)(2), p. 835. Furthermore, the repeal of this ordinance would not disturb vested rights because the "right" to a 24–month moratorium on annexing the property does not arise until a finding of unreasonableness is made. Therefore, the City has the power to repeal an annexation ordinance during the pendency of *quo warranto* proceedings. This decision is in accord with other jurisdictions which have considered this question. *See Vesenmeir v. City of Aurora*, 232 Ind. 628, 115 N.E.2d 734 (1953); *Mouton v. City of Lafayette*, 49 So.2d 638 (La.App.1950).

■ Secondly, we must determine the effect of the repeal on the pending actions, i.e., whether the repeal renders the suits moot. This question also must be answered affirmatively because of the Supreme Court's opinion in *Bluff City, supra*. The court noted that in *Bluff City*, the "suit was dismissed for mootness, when in fact the suit was not moot, because the annexation ordinance had not been validly abandoned or repealed." *Bluff City*, 764 S.W.2d at 203. Therefore, an annexation ordinance validly repealed by an act of equal dignity, as in the case at hand, would render a pending *quo warranto* proceeding moot. *See also* 62 C.J.S., Municipal Corporations, § 438(c) p. 839.

The appellants argue that this case is not moot because the court must still determine whether the now repealed ordinance is reasonable and, if not, enter an order prohibiting annexation of any portion of that territory for 24 months pursuant to T.C.A. § 6–51–103(c). As heretofore discussed, the plaintiffs do not have a vested right to this 24–month prohibition on the passage of the ordinance. Only when it has been judicially determined that said ordinance is unreasonable are the plaintiffs entitled to such an order.

In *Central Soya Co. v. City of Chattanooga*, 207 Tenn. 138, 338 S.W.2d 576

---

1. Three of the five plaintiffs applied for permission to appeal to the Supreme Court.

(1960) the plaintiffs were landowners who had petitioned the City of Chattanooga for a referendum election regarding the annexation of their land. The following day, the City of Chattanooga commenced annexation by ordinance proceedings. Suit was brought to compel the city to proceed by referendum, and plaintiffs contended that to proceed with annexation by ordinance would deprive plaintiffs and others like them from the "opportunity to express their wishes by an election." 338 S.W.2d at 577. The court noted that language of the statutes regarding both annexation by ordinance and annexation by referendum was not mandatory and "in both instances it uses the word 'may', which according to general usage and common understanding carries the sense of discretion but not of duty...." 338 S.W.2d at 578. The court also referred to T.C.A. § 6–51–106, the provision for abandonment of proceedings, and stated:

> Therefore, how can it be said with any reasonable degree of substance that interested persons or residents or property owners have acquired any vested rights by the mere filing of a petition requesting an annexation under either Sec. 2 or 3? If one were started under either section it could be abandoned by the City at any time without any permission or consent of those who suggested the annexation.
>
> Nor is it reasonable to suppose that the intent of this act was to place the burden of the expense of holding an election on the municipality merely because some indefinite number of people, maybe 2 or 3, filed a petition or petitions for annexation.

338 S.W.2d at 578. Likewise, the plaintiffs in the instant suit cannot be said to have acquired any vested rights by virtue of simply filing a *quo warranto* action. To force the City to continue the suit despite the repeal would be a waste of judicial resources as well as have the effect of denying the City the power to repeal the ordinance. Furthermore, the court may not, without a hearing on the merits, declare the statutes unreasonable simply by virtue of the repeal because "there may be reasons, other than an admission by the City that the proposed annexation ordinance is unreasonable, why a municipality may wish to repeal an annexation ordinance." *Bluff City,* 764 S.W.2d at 203.

In support of this argument, appellants rely upon the following language from *Bluff City:*

> In a quo warranto proceeding the court should either: (1) find the ordinance unreasonable and enter an order vacating the annexation ordinance and the municipality would be prohibited from annexing any part of the territory proposed for annexation by such vacated ordinance for a period of at least twenty-four (24) months, or (2) find the ordinance reasonable and valid and enter an order sustaining the validity of the ordinance, which should then become operative thirty-one (31) days after judgment is entered. T.C.A. § 6–51–103(c).

764 S.W.2d at 202.

As the opinion further states, the Chancellor in that case did neither because he had dismissed the case on the mistaken belief that it was moot. That case was not moot because the annexation ordinance had not been effectively repealed. Therefore, the matter should have been tried. We understand that language to mean that these are the only two alternatives available to the trial court when the quo warranto proceeding is tried to completion; not that the trial court is limited to one of these alternatives once a *quo warranto* proceeding is filed for the sole purpose of deciding whether the 24–month prohibition kicks in.

The appellants argue that to allow the City to repeal the statute and obtain a dismissal without prejudice would make it possible for cities to circumvent the purpose of the 24–month prohibition. The appellants' briefs contend that the City can pass an annexation ordinance, determine the opposition once *quo warranto* suits have been brought then repeal the statute. Later, the City could attempt to annex the areas least likely to resist. In essence the plaintiffs allege that if the City's power to repeal is not tempered by imposition of the 24–month prohibition, the City may use the

repeal to harass the property owners until annexation could easily take place. Indiana, apparently the only jurisdiction having dealt with this issue, has allowed an exception to the general rule of dismissal when remonstrators alleged harassment on the part of the city in repealing the annexation ordinance. *King v. City of Bloomington,* 239 Ind. 548, 159 N.E.2d 563 (1959); *Besso v. Town of Porter,* 432 N.E.2d 1380 (Ind.App.1982). However, despite appellants' insistence that such events have occurred in this suit, there are no citations to the record nor does it reveal any support for these allegations. Thus, the situation presented by the case at hand shows no harassment by the City and we decline to establish a rule which would protect property owners from conduct which has not been pled.

Accordingly, we affirm the decision of the trial court. Costs of this appeal are taxed one-half to appellant First Utility District and one-half to the remaining appellants.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.