Dear Mayor Watkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to annexation of a contiguous area of property into the City of Covington. You ask the following questions:
 1. Can Covington seek annexation of a contiguous area under R.S. 33:172(C) if there are any number of individual, privately owned parcels of real estate that may exist in the contiguous area?
In this regard you state, "Assume for the sake of the query that the area contains 15 separate parcels owned by as many landowners, some of whom are registered voters who reside on their properties."
 2. Is the ability to seek annexation of a contiguous area under R.S. 33:172(C) affected in any fashion if there are any number of individual, privately owned parcels in the contiguous area, upon none of which resides any registered voters?
As you note R.S. 33:172(C) provides as follows:
 Notwithstanding the provisions of Paragraphs (1) through (5) of Subsection A of this Section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions of R.S. 33:154 through 161 vote in favor of such annexation. No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed.
A reading of this statutory provision establishes that it applies under two conditions, i.e., that at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and that a majority of the registered voters in the area proposed for annexation vote in favor of such annexation.
Accordingly, the latter requirement applies only to registered voters of the area proposed for annexation, requiring a majority of these landowners in the area proposed to be annexed vote in favor of the annexation. There is no specification that there be any required number of privately owned parcels of real estate in the contiguous area; it is only required that a majority of the registered voters in the area vote in favor of the annexation.
Whereas the concluding sentence of the statute specifies that no election shall be necessary if there are no registered voters residing in the area to be annexed, you set forth the situation that there are 15 landowners of 15 separate parcels some of whom are registered voters who reside on their properties.
Under such a situation where there is a 90% contiguity and there are some registered voters who reside on their property in the area to be annexed, we must conclude that a majority of these registered voters must vote in favor of the annexation.
You next ask if the annexation of a contiguous area is "affected in any fashion if there are any number of individual privately owned parcels in the contiguous area upon none of which resides any registered voters?" Pursuant to our telephone conversation to clarify this question, we understand it to be whether there is any mandate of specific shape to the area of the contiguous land to be annexed except that the portion abutting the current boundary be ninety percent in common so that some outer edge portions are included and others are not.
We find no mandate as to the shape of the portion of the area to be annexed when there is 90% of the boundary of the area to be annexed in common to the present boundary of the municipality, especially when you state 90% contiguity can be reasonably platted with "no gerrymandering".
However, you further state the contiguity results "despite specific exclusion of certain plats, one criteria for the exclusion being to avoid annexation of any particular plats that introduce any number of resident, registered voters" but has the resulting annexation encompass reasonable boundaries needed for the purpose of controlling and providing drainage, zoning, police and fire for the city.
Of course, an instance of gerrymandering is a question of fact about which this office cannot make a determination, but this office has recognized that gerrymandering to dilute minority voting strength or to concentrate minority voting strength in an attempt to achieve proportional representation must be avoided. Atty. Gen. Op 99-30.
We have no indication that this is intended to be done, but as you state one criteria for exclusion being "to avoid annexation of any particular plats that introduce any number of resident, registered voters", which we would question whether this is to thereby negate the necessity of an election to confirm annexation and the costs involved.
However, we note in Breland v. City of Bogalusa, 51 So.2d 342, La.App. 1951, that the court relied upon Pyle v. City ofShreveport, 215 La. 257, 40 So.2d 235, wherein the court observed that the boundaries of the area to be annexed were irregular, "obviously for the purpose of including some lots, while excluding others". The court being asked to pass upon the reasonableness of the extension said on rehearing, "The arbitrary fixing of the boundary lines in such a manner as to exclude and include property in the same vicinity and the arbitrary exclusion of property within the boundaries is not only unreasonable but discriminatory." Inasmuch as the area annexed to the City of Bogalusa in the disputed ordinance was almost rectangular in shape, the court found the boundaries were straight and there was no arbitrary inclusion or exclusion of property owners.
It would appear by your statement that there is specific exclusion of certain plats, "one criteria for the exclusion being to avoid annexation of any particular plats that introduce any number of resident, registered voters", and following the observations as related hereinabove we believe it is important to inform you of this jurisprudence which concluded there cannot be arbitrary fixing of the boundary line so as to exclude and include property in the same vicinity with a purposeful intention.
Finally, we want to remind you of the requirements under the 1965 Toting Rights Act, 42 USCS1973c. Any change with respect to voting, which includes annexations, must receive approval under Section 5 of the Voting Rights prior to implementation.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:_____________________________
BARBARA B. RUTLEDGE
CCF/bbr Assistant Attorney General