MUGGAH
*vs.*
GREIG.

---

### *ROGERS ET AL vs. HENDSLEY ET AL.*

APPEAL FROM THE COURT OF THE FIFTH DISTRICT,
THE JUDGE OF THE SEVENTH PRESIDING.

Where an attorney undertakes to collect a debt, and before doing so takes
a new obligation *payable to himself*, and gives up the old one to the debtor,
the debt thus evidenced by authentic act, made payable to the attorney,
cannot be *seized for* and made *subject to his debts*, when it is in evidence
the attorney did not intend to appropriate the debt of his principals to
himself; and where they assented to the act of the agent and claimed the
debt as their own.

Parole evidence is admissible to shew that *an act* or *obligation* taken for
a debt by an agent, and made *payable* to himself, is the property and right
of his principal, although it appears on the face of the instrument to be
due to the agent.

If A receives money for the use of B, it cannot be attached as the pro-
perty of A in his hands. The same rule applies to notes.

This suit commenced by injunction. The plaintiffs, about
the beginning of the year 1829, put sundry notes, debts, and
accounts into the hands of Luke Lesassier, an attorney at
law, to collect, for their benefit and use. These claims had
been transferred to the plaintiffs, to indemnify them on ac-
count of a suretyship to William and John Simons. Among
the debts placed in Lesassier's hands for collection, was one
on Jacob Bogard for $250. It was evidenced by a note pay-
able to William Simons. Bogard, to get further time, agreed
with Lesassier, and executed a new obligation by authentic
act, in which he acknowledged a mortgage on one hundred
acres of land, and stipulated to pay the debt in two equal,
annual instalments of $125 each, in the months of March,
1830 and 1831. The new instrument was made payable to
L. Lesassier, and bears date in March, 1829. Lesassier
left the state for Texas, in the following November, without

rendering any account of his agency. A new attorney and agent was appointed in the spring of 1830. The debt on Bogard was handed over, with the other claims, by the person having charge of Lesassier's papers, to the new agent, who found this debt evidenced by an act in the notary's office, and *payable to Lesassier alone*. Application was made to the debtor, who recognised and acknowledged the debt to be due, unpaid, and owing to the plaintiffs. That it was so understood between him and Lesassier, at the time of executing the new instrument. The new attorney was proceeding to collect the debt for the plaintiffs, after having made frequent demands of the debtor for nearly a year, when Eleanor Hendsley, a judgment creditor of Lesassier, levied her execution on it, and advertised it for sale as a *debt, right*, and *credit* of Lesassier. The plaintiffs on the 5th of May, 1831, obtained an injunction and arrested the sale.

The district court gave judgment perpetuating the injunction, and decreeing the debt to be the property of the plaintiff. The defendant Hendsley appealed.

Parole evidence was offered to shew the origin of the debt, that it was the same as evidenced by the new obligation, which was, in fact, taken for the benefit of the plaintiffs; that although made *payable* to Lesassier, he never claimed it as his own, or exercised any acts of ownership over it, but always acknowledged it to be the property of the plaintiffs. The testimony was objected to by the defendant Hendsley, and taken, subject to all legal objections.

It was in proof that Lesassier was associated with a partner in his profession, who resided here, and perfectly solvent and able to pay the debt.

*Curry* for plaintiffs:

Lesassier, the attorney and agent, exceeded his authority in taking the new obligation from the plaintiff's debtor, *payable* to himself, instead of his *principals;* and they are not bound by his acts done out of his authority.—8 *John.* 361.

*7 Martin*, N. S. 244.   *2 Martin*, N. S. 292.   1 *Martin* N. S. 444.

2d. The plaintiffs are no parties to the act between Lesassier and Bogard the debtor, and are consequently not bound by it. They have the right to shew by parole testimony that their agent exceeded his authority, and, also, their *right* to the debt which he has made payable to himself, and that he acknowledged it to belong to the plaintiffs.—11 *Martin*, 630.   *7 Martin*, N. S. 199.   *7 Martin*, 243.   1 *La. Rep.* 220.

*Garland*, for defendant Hendsley, relied on the following points:

1st. The attorney, by taking a new obligation in his own name, becomes responsible to the principal creditor; but he has a right to enforce payment in his own name, and his receipt will protect the debtor from paying it to the principal creditor.—5 *Martin*, N. S. 41.   *La. Code*, art. 2139.

2d. An agent who surrenders a note of his principal, and takes a new obligation payable to himself, novates the debt, and by delaying to sue on it at maturity, becomes responsible for the amount.—4 *Martin*, N. S. 539.   *Ibid*, 655.

*Porter, J.* delivered the opinion of the court.

The plaintiffs placed in the hands of two gentlemen of the bar, who were associated in professional business, a note, for collection. One of them extended the credit given on it, and took a new obligation in his own name. The defendants, who are creditors of this person, levied an execution on the debt which he had thus made payable to himself, and were about selling it. The plaintiffs prevented them from doing so by an injunction. The court, on hearing the parties, made the injunction perpetual, and the defendants appealed.

We do not feel compelled to examine whether, under a power to two, one can give a discharge; or whether, in the

Y 3

Western District, September 1831.

RODGERS ET AL *vs.* HENDSLEY & AL

Where an attorney undertakes to collect a debt, and before doing so takes a new obligation payable to himself, and gives up the old one to the debtor, the debt thus evidenced by authentic act, made payable to the attorney, cannot be seized for and made subject to his debts, when it is in evidence the attor-

Parole evidence is admissible to shew that an act or obligation taken for a debt by an agent, and be made payable to himself, is the property and right of his principal, although it appears on the face of the instrument to be due to the agent.

If A receives money for the use of B it cannot be attached as the property of A in his hands. The same rule applies to notes.

hypothesis that he could, an authority was vested in him to novate the debt. Supposing him to possess such power, the evidence in this case clearly establishes that he did not contemplate taking the obligation in his own right, and for his own benefit: it is, on the contrary, proved that at the time he received the obligation, and afterwards, he declared that it was for the use and benefit of his principals. This transaction, which they might have disavowed, they have thought proper to approve; and there can be no doubt that, on their assenting to it, the obligation became theirs, and was not subject to the attorney's debts. We have already decided that if A receive money for the use of B, it cannot be attached as the property of A; and the same rule will, we think, apply where a note is taken. The circumstance of the obligation being in the name of the attorney, does not affect the legal principles which control the case: neither plaintiffs or defendants were parties to the act, and it was open to them to shew, by parole or other evidence, the real nature of the transaction.—4 *Martin's Reports,* N. S. 134.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.