EMMA LESSEPS, widow RICHARDSON *v.* J. J. WICKS.

The signature of the vendee to an act of sale *sous seing privé*, is not necessary under the provisions of our Civil Code, which does not contain the Art. 1325 of the C. N. Under our law a sale of movables may be made by parol; but if the vendor chooses to make the sale in writing, his signature to the act is good proof against him, although without the signature of the vendee. The expression of Art. 2239 of the Civil Code, "*between* those who have subscribed it" is synonymous with *against* those who have subscribed it. A party against whom an act under private signature is offered must either acknowledge or deny his signature. The burthen of proof of a simulation is thrown on the defendant who alleges it. A special plea always controls, so far as it goes, the general issue. A party is not allowed to vary or destroy his own voluntary written agreement, by any thing short of written evidence, which includes answers to interrogatories on facts and articles.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. C. *Roselius* and *L. Castera,* for plaintiff and appellant. *Durant & Hornor,* for defendant.

BUCHANAN, J. The defendant was sued by citation and sequestration, for certain movables (household furniture,) sold by him to *Robert Richardson,* deceased, for a price in cash. A bill of sale of said movables, under private signature, containing an acknowledgment of the receipt of the price, and signed by defendant, was offered in evidence by plaintiff, and rejected by the District Court, on the ground that the document was not signed by the vendee, *Robert Richardson.*

There was judgment of nonsuit; and the case is before us, upon a bill of exceptions to the ruling of the court below, rejecting the evidence above mentioned.

We think the court erred, both on general principles and on the issue, as made by defendant's answer.

As to the necessity for the signature of the vendee to a bill of sale under

private signature, the appellee has relied in this court upon the authority of Duranton. But the reasoning of that commentator, *loco citato*, has reference to the Article 1325 of the Code Napoleon—an Article not copied into the Louisiana Code. That Article requires acts under private signature which contain synallagmatic conventions, to be made in as many originals as there are parties having a distinct interest.

In our law, a sale of movables may be made by parol, as well as in writing; but if the vendor have thought fit to reduce his acknowledgment of such a sale and of the receipt of the price to writing, under his signature, such written acknowledgment is surely good proof against him. The expression of Article 2239 of the Louisiana Code "*between* those who have subscribed it" is synonymous with "*against* those who have subscribed it;" and by article 2240, he against whom an act under private signature is offered, is bound to acknowledge or deny his signature. In fact, that is what the defendant has done in this case; for in his answer, after pleading the general denial, he goes on to plead specially "that the transfer mentioned in the plaintiff's petition was not serious, and never intended to be carried into effect between the parties, viz: deceased and plaintiff; that no consideration for the furniture described in the petition of plaintiff, was ever given by deceased, and that the said furniture always remained in the possession of defendant, who has never ceased to be owner thereof."

The second of these pleas waives the first—the general issue; and the contract being admitted, (that is to say, the execution of the written conveyance of the property to defendant,) the burden of proof is thrown upon the defendant to prove the simulation, which he alleges. A special plea always controls, as far as it goes, the general issue.

The case of *Hill* v. *Maddox*, 11 Ann. 511, cited by defendant, has no analogy to the present. In that case, an instrument having the form of a sale for cash, of articles of household furniture, and signed by the vendor, was not rejected by the court, but was held to be an informal pledge, and not a sale, by virtue of two other contemporaneous writings, which were given in evidence, and which explained the true nature of the transaction.

The only question that remains, is, whether the cause shall be remanded for the purpose of giving the defendant an opportunity to make out by proof, the special defence pleaded by him.

It appears that defendant offered no evidence, and it is possible that he may have written proof in the nature of a counter letter, which he did not deem it necessary to offer, on account of the ruling of the District Court, rejecting the plaintiff's evidence. If so, his neglect to offer such proof, can scarcely be imputed to him as a fault for which he must suffer. We will therefore give defendant the benefit of the silence of the record on this subject. But it is proper that we should add that the unvarying jurisprudence of this court does not allow a party to vary or destroy his own voluntary written argument, by any thing short of written evidence, which includes, under the decisions, answers to interrogatories on facts and articles. *Williams* v. *Hood*, 11 An. 115; *McCall* v. *Henderson*, 11 An. 210; *Stratton* v. *Rogers*, 11 An. 381; *Semère* v. *Semère*, 10 An. 705; *Barry* v. *Louisiana Insurance Company*, 11 Martin 632; *Delahoussaye* v. *Delahoussaye*, 7 N. S. 203; *Prudence* v. *Bermodi*, 1 La. 240; *Rogers* v. *Hendsley*, 2 La. 600; *Maignan* v. *Gleises*, 4 L. R. 4; *Macarty* v. *Bond*, 9 L. R. 356; *Frost* v. *Bebout*, 14 L. R. 108; *Hacket, minors*, 4 Rob. 299;

*Groves* v. *Steel*, 2 An. 482; *Harkin's succession*, 2 Ann. 926; *Rachal* v. *Rachal*, 4 An. 501.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the cause be remanded, with instructions to the said court to receive in evidence the document mentioned in the bill of exceptions in the record; and that defendant and appellee pay the costs of appeal.