No. 3500

Second Circuit

BRINKER (BULLOCK, Executor, Substituted as Plaintiff) v. FEIST

(July 5, 1930. Opinion and Decree.)

Bryan E. Bush, of Shreveport, attorney for plaintiff, appellant.

Malcolm W. Feist, of Shreveport, attorney for defendant, appellee.

ODOM, J. On September 26, 1927, plaintiff executed a notarial act reciting that "for and in consideration of $390.34 paid by Samuel Feist of 518 Commerce Street, Shreveport, Louisiana, the receipt of which is hereby acknowledged, do hereby sell, transfer and convey to the said Samuel Feist the following list of household furniture." Then follows a description of the property sold and a declaration that she "hereby warrants to defend the right and title to said property to the said Samuel Feist."

The property was delivered to the purchaser, who kept it and had possession of it when this suit was filed on August 30, 1928, nearly a year later. By this suit, Mrs. Brinker asks that this bill of sale be set aside on the ground that "said purported bill of sale was signed by petitioner without any consideration whatever; that the same was signed by petitioner under the fraudulent instructions, guidance and promises of said Samuel Feist that if she would leave the furniture at 406 Stoner Avenue and give him this purported bill of sale, he would be in a position to better rent the property and apply the proceeds thereof on the settlement of the outstanding obligations upon said real estate."

Defendant in answer admitted the execution of the notarial act, as alleged, and denied the other allegations.

Plaintiff, in order to support her allegations, called the defendant on cross-examination and asked him if he was then in possession of the furniture described in the act of sale, and he said he was. He was then asked: "How did you get that bill of sale from Mrs. Brinker?"

· The purpose of the question was to show by parol testimony that there was in fact no sale, no consideration. The objection was made that authentic acts cannot be assailed by the parties to them in this manner. The objection was sustained. Counsel for plaintiff then stated to the court that the only testimony he had to sustain his petition was that of the defendant "and the oral testimony of Mrs. Jessie Brinker and Mrs. Marie Hassler."

There was judgment rejecting plaintiffs' demands, and she appealed.

In the case of Godwin vs. Neustadtl, 42 La. Ann. 735, 7 So. 74, 745, the court said:

"It is horn-book law in our jurisprudence that the verity and reality of authentic sales can be assailed by the parties thereto only in two ways, viz: (1) By means of a counter-letter; (2) by the answers of the other party to interrogatories on facts and articles."

The court then cites a long list of decisions.

In the case of Cary vs. Richardson, 35 La. Ann. 505, the court said:

"The unbending jurisprudence of this Court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence. The rule applies not ony to agreements relating to immovables, but also to such as concern movables" —citing Lesseps vs. Wicks, 12 La. Ann. 740; Lynch vs. Burr, 7 Rob. 96; Knox vs. Liddell, 5 Rob. 111; Beaulieu vs. Furst, 2 La. Ann. 48; D'Aquin vs. Barbour, 4 La. Ann. 441; Sharkey vs. Wood, 5 Rob. 327; Angomar vs. Wilson, 12 La. Ann. 857; and Letchford vs. Dannequin, 16 La. Ann. 150.

In the case of Godwin vs. Neustadtl supra, the court said:

"No fraud, error, violence, or other matter affecting the validity of plaintiff's consent to the authentic act of sale, is alleged; nor does she pretend that she has, or that there exists or ever existed, any counter-letter."

That is precisely the situation in the case at bar. The allegations of plaintiff's petition affirmatively show that she voluntarily and freely assented to the act. She alleges that the purchaser made certain promises with reference to the lease of some real estate. Statements promissory in their nature, and relating to future actions do not constitute actionable fraud. To constitute actionable fraud, the false statements, if such are made, must relate to facts then existing or which have previously existed. See Brenard Mfg. Co. vs. Gibbs, 9 La. App. 137, 119 So. 483, and authorities there cited and quoted; Hemler vs. Adcock, 166 La. 704, 117 So. 781.

The judgment appealed from is affirmed, with all costs in both courts.