GLADNEY, Judge.
Enoch J. Orr instituted this petitory action praying to be decreed the owner of and as such restored to the possession of a strip of land 30'x 420', situated in the Southeast Quarter of the Southwest Quarter (SE14 of SWj4), Section Nineteen (19), Township Twenty-Three North (23 N.), Range Ten West (10 W.), in Webster Parish, Louisiana.
Numerous exceptions were filed by respondents, including an exception of no cause or right of action and a plea of prescription of ten years, acquirendi causa, which exceptions and plea were overruled save the exception of no cause or right of action which was referred to the merits. Thereafter, defendants answered denying plaintiff has any recorded title to the disputed property, claiming ownership in themselves, and, alternatively, asking through re-conventional demand for reimbursement for improvements placed upon the subject tract should plaintiff be decreed the owner thereof. Following trial judgment was rendered recognizing plaintiff as the owner of the land, ordering possession to be restored to him and awarding judgment in reconvention in favor of defendants for improvements placed upon the property in good faith in the sum of $425.
Appellee was formerly the owner of the above described 40 acres of land when on November 8 and November 15, 1937, he sold two parcels out of the forty to T. L. Et-tredge, to whom defendants trace title to their property, which was purchased on March 14, 1942, and is described as follows r
“Commence at the southwest (SW) corner of the Southeast quarter of the Southwest quarter (SEj4 of SWj4), of Section 19, Township 23 North, Range 10 West, Webster Parish, Louisiana, and thence run East (E) 541 feet for the initial point of beginning; thence run North (N) 420 feet; thence run East (E) 105 feet; thence run South (S) 420 feet; thence run West (W) 105 feet to the point of beginning, containing One (1) acre, more or less, together with all improvements thereon, and all rights thereto belonging.”
Immediately west of the property of the defendants is a lot which was acquired by *896 •one M. A. Curtis, who upon the purchase thereof caused a survey to be made of his property which survey proved the southwest ■corner of said 40 acres, all of which had been previously owned by Orr, was 30 feet -west of the point which Orr used for a starting point in locating all lots theretofore sold 'by him. With this disclosure it is clear that ■the lot occupied by M. A. Curtis and the lot ■occupied by the defendants were each 30 feet east of the description called for in their respective deeds of title. Accordingly, Orr attempted to correct the error and ■conveyed to M. A. Curtis a strip'30 feet wide lying immediately west of the lot possessed by Curtis, and the latter in turn abandoned a strip 30 feet wide off of the east side of the lot he had occupied as his own. Orr •then attempted to quit-claim to the defendants the 30-foot strip abandoned by Curtis. Parenthetically, it should be noted this 30-foot strip was already embraced in defendants’ title. The Talleys declined to enter into any agreement with Orr for the purpose •of correcting descriptions of the several lots involved, but nonetheless they not only went into possession of the 30-foot strip aban•doned by Curtis but also retained possession ■of the 30 feet on the east side of the lot ■which possession they had had since 1942. Defendants thus are in possession of a lot 135 feet measuring from east to west and ■420 feet measuring from south to north. Included on the east side thereof is the strip which is the subject of this suit. When plaintiff was unable to prevail upon defendants to relinquish possession of the disputed strip, this suit was instituted.
We have carefully examined the deeds and title papers found in the record and it is clear that the disputed 30-foot strip is not embraced in defendants’ recorded title and it is equally clear that none of the recorded instruments disclose that plaintiff has parted with title thereto.
We assume that defendants’ exception of no cause or right of action was filed on the assumption that plaintiff had parted with title thereto or that at least a portion of said strip was included m a deed executed by Orr for the purpose of establishing a iroad. This conveyance dated August 16, 1944, and recorded in Conveyance Book No. 167, page 301, of the records of Webster Parish described the property sought to be conveyed as follows:
“That certain parcel of land designated for a road situated in SE}4 of SW1/^ Sec. 19, Township 23 N. Range 10 West, Webster Parish, La.; Begin at SE corner of SEj4 of SW14 and run along Parish Highway 646 feet; Thence North 420 feet by 15 feet wide; thence East 500 feet by 12 feet wide.”
Manifestly, the foregoing description is insufficient to identify any property, but even conceding the sufficiency thereof if certain deficiencies in the description should be supplied, the road would still lie to the east of the 30-foot strip in dispute and would not conflict with the property in dispute.
The muniments of title evidenced by the record show clearly that plaintiff is entitled to be recognized as the legal owner of the land sued for, inasmuch as there is no evidence of plaintiff having disposed of said property and defendants’ only claim of title is based on possession of property not embraced in their deed. It thus follows that plaintiff is entitled to be decreed the owner of the disputed property and should be restored to the possession thereof.
This brings us to the consideration of whether or not defendants are entitled to be reimbursed the value of improvements which they placed upon the property. Defendants occupied the property in dispute first when they took possession of their lot immediately after its acquisition by them. Plaintiff was responsible for the error which brought on this controversy by fixing the starting point of the description of defendants’ property 30 feet east of its proper position. There should be no doubt, therefore, that prior to the dispute defendants were in the utmost good faith in their possession of the disputed tract. Accordingly, under the provisions of Article 508 of the LSA-Civil Code, the defendants should be reimbursed the value of the improvements placed on said property. We have carefully reviewed the testimony relating to the *897 value' of the improvements placed on the disputed strip by defendants and agree that the sum of $425 as allowed by the judge a quo is entirely adequate.
The several exceptions and the plea of prescription filed by defendants are not seriously urged in this court and do not require comment. We have heretofore pointed out that the exception of no cause and right of action predicated on plaintiff not having recorded title to the disputed strip is not sound. The plea of prescription of ten years acquirendi causa is likewise untenable inasmuch as defendants do not have a deed translative of title to the property involved.
It is further ordered, adjudged and decreed that plaintiff, Enoch J. Orr, be and he is hereby recognized and declared to be the lawful owner, and as such entitled to possession of the following described property situated in Webster Parish, Louisiana, to wit:
“Begin at the Southwest corner of the Southeast Quarter of the Southwest Quarter, (SE^4 of SW^4), Section 19, Township 23 North, Range 10 West, thence run East 646 feet to the point of beginning of the property herein described; thence run North 420 feet; thence run East 30 feet; thence run South 420 feet; thence run West 30 feet to point of beginning, together with all improvements located thereon and rights thereto belonging.”
In all other respects, the judgment from which appealed is affirmed at defendants’ cost, including cost of this appeal.