102 So.2d 324 (1958)
ROBERT HEARD HALE, Inc.
v.
Vernon GAIENNIE.
No. 20991.
Court of Appeal of Louisiana, Orleans.
April 14, 1958.
Rehearing Denied May 12, 1958.
Writ of Certiorari Denied June 27, 1958.
Normann & Normann, New Orleans, for plaintiff-appellant.
George T. Fisher, New Orleans, for defendant-appellee.
*325 L. JULIAN SAMUEL, Judge ad hoc.
On June 18, 1954, the defendant who resides in New Orleans, went to Miami and there contacted the plaintiff's representative, Fred Driver, requesting that he be shown various yachts which the plaintiff, as a yacht broker, had to offer for sale. He was shown several yachts, and was particularly interested in the Ridgelake II, owned by H. O. Davis of Montgomery, Alabama, which he offered to purchase for the price of $11,000. Driver contacted the owner by telephone and submitted this offer. After some discussion, the owner agreed to accept $11,000 net to him. Driver thereupon informed the defendant that he could purchase the boat for $11,900, the additional $900 representing the broker's commission. The defendant increased his offer to $11,500 but the owner still insisted on $11,000 net. The defendant thereupon returned to New Orleans, leaving a deposit check in the amount of $1,100 with Driver and requesting that plaintiff continue the negotiations to purchase the yacht.
On June 21, 1954, the defendant had Driver informed by telephone that he desired the return of his deposit check, and, on the next day, this check was returned to him.
Under date of June 22, 1954, the defendant purchased the Ridgelake II directly from the owner in Montgomery, Alabama, for the sum of $11,000. The sale was made directly to one of the defendant's employees, who later transferred the boat to the defendant, and the owner was not informed that the sale involved the same person who was party to the original offer through the plaintiff.
There was no contract between plaintiff and the defendant except an oral understanding that the plaintiff would receive a commission out of the purchase price. Nor was there any contract between the owner and the plaintiff, except that of a general listing which was to the effect that the plaintiff would have the right to show the boat and, upon obtaining a purchaser, would receive a commission from the owner.
The plaintiff has filed suit for the sum of $880 which he says is the commission to which he would have been entitled on a sale at $11,000. Originally the suit was based on contract, but now the plaintiff concedes that he has no action under contract and pitches his claim on tort under the theory that, by the defendant's actions, he has been fraudulently deprived of his right to consummate the sale and receive a commission.
There was judgment in the trial Court in favor of the defendant and the plaintiff has appealed.
The plaintiff has cited for our consideration four cases from foreign jurisdiction which hold that a cause of action for loss of commissions exists against third persons in favor of a real estate broker who is deprived of such commissions as the result of a conspiracy between such persons and the broker's employer, or as a result of fraud practised by such third persons. To whatever extent these cases may be in point, and because of the peculiarities of fact and local statutory law involved, we feel that they are largely not in point; they cannot be considered as controlling here. This case must be decided on the law of Louisiana and not that of some other state, and our attention has not been called to any Louisiana case which might, even directly, support the plaintiff's contention.
As an action in tort this case must fall under that part of Article 2315 of the LSA-Civil Code, which reads as follows:
"Every act whatever of man that causes damage to another, obligates him by whose fault it happened to repair it * * *."
We feel that in order for there to be fault there must first be some legal obligation or duty which has been breached. See Marsalis v. LaSalle, La.App., 94 So.2d 120.
*326 Here we find no such duty. The defendant merely had sought to purchase a boat through the plaintiff and the plaintiff had tried to consummate the sale. It is true that the plaintiff had only a few days in which to complete his work, but the defendant was under no duty to give any stipulated time and was free to withdraw his offer at will. It is also true that the action of the defendant in directly purchasing from the owner, without the intervention of the broker, might very well be considered "sharp dealing", but that has nothing to do with the personal right of action involved.
It is settled law in Louisiana that there is no right of action for damage ex delicto against one who induces another to violate his or her contract with a third person. Kline v. Eubanks, 109 La. 241, 33 So. 211; B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2, 67 L.R.A. 65; Moulin v. Monteleone, 165 La. 169, 115 So. 447.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.