HARDY, Judge.
This is an action by plaintiff in which he seeks judgment declaring the nullity of a deed conveying to defendant the title to certain described property, on the grounds of deception and fraud, and ordering the same cancelled from the public records of Webster Parish. Alternatively, plaintiff prayed that defendant be ordered to re-convey the property to petitioner upon restitution of the purchase price. Plaintiff further prayed for damages in the sum of $1,250. From a judgment annulling the conveyance and declaring the plaintiff to be the owner of the property described therein, conditioned upon return of the purchase price, the defendant has appealed. Plaintiff has answered the appeal, praying for reversal of that part of the judgment requiring repayment of the purchase price, and, further, seeking allowance of damages as prayed in his original petition.
Defendant filed exceptions of misjoinder, prematurity and no cause or right of action, which latter exception was based upon the contention that fraud was not properly alleged; that plaintiff had failed to return the purchase price prior to instituting suit for annulment or rescission, and that plaintiff was not entitled to recovery of damages and attorney’s fees as claimed. The trial judge overruled all *228 exceptions save that portion of the exception of no cause or right of action directed against the right of recovery of attorney’s fees, which he sustained.
Despite the fact that the court had overruled defendant’s exception of mis-joinder it is noted that he subsequently permitted plaintiff to amend his petition by joining the very party named by defendant as a necessary party in his exception of misjoinder.
For the reasons which are hereinafter set forth we think it is unnecessary to pass upon the exception of prematurity, the exception of misjoinder, or the merits, inasmuch as we have reached the conclusion that judgment should be based upon the exception of no cause and no right of action interposed by defendant.
Plaintiff’s representations of fraud are set forth in his petition in considerable detail and we quote the allegations bearing upon this issue as follows:
“3.
“The land deeded to Lee Walker was the subject of bitter litigation between petitioner and Sarah Edna Talley and her husband, James Talley, which said suit was instituted in 1951 and was finally disposed of by the Supreme Court’s denying Certiorari or a Writ of Review on March 26, 1956.

“4.

“The defendant well knew that the plaintiff would, under no circumstances, convey the property to the said James Talley and his wife or either of them, nor would he make any conveyance that would inure, in any way, directly or indirectly, to their benefit or which might result in their having the use and benefit of the property, and petitioner so advised the defendant at the time of the sale.
“5.
“The defendant approached petitioner and proposed to purchase the said lot, saying that he had obtained a deed from Mr. Talley for his land adjoining the property herein described, which he exhibited to plaintiff making a false representation to the plaintiff, knowing full well that the same was not a bona fide conveyance; also stating falsely that he was going to occupy the premises as his home and that he would move within two or three days, from on or about September 7, 1956, the falsity being made on information and belief.
“6.
“That, despite the knowledge of such facts, and such representation to the plaintiff by the defendant, he, nevertheless, filed for record the deed from plaintiff to him on September 10, 1956, but failed to file his deed from Mr. Talley.”
* * ‡ * * *
“9.
“The deed from Mr. Talley to the defendant has not been placed of record at this time and there has been no change in the possession or occupancy of the property since the deeds were made.
“10.
“The defendant works with the said James Talley and plaintiff verily believes and therefore alleges on information and belief that the said James Talley prevailed upon the defendant, Lee Walker, to obtain the use of the property for him, or at least the knowledge that petitioner would no longer own or be able to use the said property, by fraud and artifice, and that the defendant joined with the said James Talley to defraud petitioner.
*229 "11.
“That petitioner would have been unwilling and would not have made the said deed, except for the representation by the defendant that Mr. Talley would vacate the premises within 2 or 3 days; Mr. Orr being willing to part with the property only because he felt he was getting rid of a most undesirable neighbor.
“12.
“Petitioner lost money on the sale of the property considering the expenses he had incurred in obtaining the same at one time, unlawfully claimed and held by the said James Talley.”
The only allegation as to any loss sustained by plaintiff in connection with the alleged fraudulent transaction is contained in the somewhat vague allegation in Article 12 of the petition above quoted in which petitioner averred that he “lost money.” However, it is pertinent to observe that no such loss is made an item of the damages allegedly sustained by plaintiff which are set forth in Article 18 of the petition as follows:
“Serious and grievious injuries were inflicted upon the petitioner by the fraudulent and tortuous misconduct of the defendant, for which petitioner desires and is entitled to obtain restitu-ion in the following sums for the following specified injuries to-wit:
“Emotional disturbance and distress, including excessive anger .$500.00 Humiliation .$250.00 Attorney’s fee .$500.00
“Defendant’s action compelled petitioner to engage the services of an attorney and petitioner has agreed to pay his fee as aforesaid.”
The two essential elements constituting fraud have long been recognized and asserted by our courts. Clear pronouncement of these requirements is found in Slocomb v. Real Estate Bank, 2 Rob. 92, decided by the Supreme Court in 1842:
“To constitute fraud, two things are essentially necessary: first, the intention to defraud; and secondly, actual loss or damage, or such strong probability of it as will induce a court of justice to interfere. (Montilly v. His Creditors), 18 La. 388.”
The above principle has been recently reiterated by the Supreme Court in Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (citing the Slocomb case as authority).
This rule is based upon Article 15 of the Code of Practice which requires that :
“An action can only be brought by one having a real and actual interest which he pursues, * *
This provision has been many times interpreted as requiring a pecuniary interest and it has been held repeatedly that one without a pecuniary interest has no judicial standing to bring an action. Succession of Alstock, 230 La. 167, 88 So.2d 14, and cases cited; Douglas v. Haro, La.App., 32 So.2d 387, and cases cited.
Reference to the allegations of plaintiff’s petition is sufficient to establish the fact that no actual loss has been set forth. The very nature of the alleged damages sustained, as asserted by plaintiff, lie in the realm of the imponderable and bear upon the emotional disturbance, distress, anger and humiliation which have been allegedly caused the plaintiff by fear of an event that has not transpired, namely, the acquisition of a small tract of land 25 feet in width by 420 feet in depth by one toward whom plaintiff feels an active and violent animosity.
 The absence of representation of any real and actual loss, which is a requisite of the action for fraud, is, in itself, sufficient ground for dismissal of plaintiff’s suit. However, another substantial objection to plaintiff’s suit lies in the clear implication in the petition that the fraud of which plaintiff complains rests upon a fear
*230 of future developments. In other words, plaintiff alleges that he was actuated in making the sale by defendant’s promise that plaintiff’s “undesirable neighbor,” Talley, would vacate his premises within “two or three days,” and the further fact that Talley might (in the future) acquire the right to the use and benefit of the property conveyed. It is well established that statements promissory in nature and relating to future actions do not constitute actionable fraud. The false statements, if such are made, must relate to facts then existing or which have previously existed. Brinker v. Feist, 14 La.App. 101, 129 So. 416 (citing Brenard Mfg. Co. v. Gibbs, 9 La.App. 137, 119 So. 483, and authorities therein cited; and Hemler v. Adcock, 166 La. 704, 117 So. 781); Sanders v. Sanders, 222 La. 233, 62 So.2d 284; Buxton v. McKendrick, supra.
Viewing plaintiff’s allegations in a light most favorable to his contentions, it is, nonetheless, evident that the representations of his petition are predicated upon what he regards as suspicious circumstances and probabilities. In the Sanders case, cited supra [222 La. 233, 62 So.2d 287], the court reiterated the already well established principle in the following words:
“It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, * * (Citing authorities)
In consideration of the effect of the clear representations of plaintiff’s petition it is further appropriate to observe in connection with the instant case that courts must not be made the instruments for the enforcement of personal feelings of spite, animosity and enmity.
For the reasons set forth the judgment appealed from is set aside, annulled, reversed and there is now judgment in favor of defendant, Lee Walker, sustaining the exception of no cause and no right of action and dismissing plaintiff’s suit at his cost.