109 So.2d 77

Enoch J. ORR

v.

Lee WALKER et al.

No. 44233.

Feb. 16, 1959.

Roy M. Fish, Springhill, for plaintiff-relator.

Johnson & Morelock, Shreveport, for defendants-respondents.

HAMITER, Justice.

Enoch J. Orr instituted this suit to annul a deed, on the grounds of fraud and misrepresentation, in which he purportedly conveyed to Lee Walker, a defendant here-in, a small strip of land measuring 25 feet by 420 feet and situated in Webster Parish. Additionally, plaintiff prayed that he be awarded damages against the said Walker and another defendant, James Talley, for

"Emotional disturbance and distress,
including excessive anger    $500.00
Humiliation    250.00
Attorney's fees    500.00"

In the district court, after a trial of the merits, judgment was rendered in favor of plaintiff rescinding and annulling the mentioned deed, decreeing him to be the owner of the property on his returning to the defendant Walker the $500 purchase price paid, and casting Walker and Talley for all costs. Plaintiff's demand for damages was rejected.

On the appeals of the defendants to the Court of Appeal of the Second Circuit that tribunal dismissed the suit, it having concluded that exceptions of no right and no cause of action (filed in the district court and directed to the allegations of plaintiff's original and supplemental petitions) were meritorious. No decision was rendered on other exceptions tendered by the defendants or on the merits. See 104 So.2d 226.

To review the ruling of the Court of Appeal on the exceptions of no right and no cause of action we granted certiorari.

The strip of land described in the deed assailed here was included in the tract in

contest in a prior suit styled Orr v. Talley, a case decided by the Court of Appeal of the Second Circuit in 1956 and reported in 84 So.2d at page 894. Therein Orr was required to engage in extensive litigation with Talley and his wife, who owned property adjacent to plaintiff's residence, in order to establish his right and title to the disputed land.

In his original petition of the instant cause (directed against only the defendant Walker) plaintiff, after making reference to the prior proceedings as "bitter litigation" between himself and the Talleys, alleged as follows: "The defendant well knew that the plaintiff would, under no circumstances, convey the property to the said James Talley and his wife or either of them, nor would he make any conveyance that would inure, in any way, directly or indirectly, to their benefit or which might result in their having the use and benefit of the property, and petitioner so advised the defendant at the time of the sale.

"The defendant approached petitioner and proposed to purchase the said lot, saying that he had obtained a deed from Mr. Talley for his land adjoining the property herein described, which he exhibited to plaintiff making a false representation to the plaintiff, knowing full well that the same was not a bona fide conveyance; also stating falsely that he was going to occupy the premises as his home and that he would move within two or three days,

from on or about September 7, 1956, the accusations of falsity being made on information and belief.

"That, despite the knowledge of such facts, and such representation to the plaintiff by the defendant, he, nevertheless, filed for record the deed from plaintiff to him on September 10, 1956, but failed to file his deed from Mr. Talley.

"That, at the time the defendant obtained the deed from plaintiff, he had in his possession a deed, signed by the said James Talley to him, conveying the property of Mr. Talley adjoining the lands herein described on the West, * * *.

*    *    *    *    *    *

"The defendant works with the said James Talley and plaintiff verily believes and therefore alleges on information and belief that the said James Talley prevailed upon the defendant, Lee Walker, to obtain the use of the property for him, or at least the knowledge that petitioner would no longer own or be able to use the said property, by fraud and artifice, and that the defendant joined with the said James Talley to defraud petitioner.

"That petitioner would have been unwilling and would not have made the said deed, except for the representation by the defendant that Mr. Talley would vacate the premises within two or three days; Mr. Orr being willing to part with

the property only because he felt he was getting rid of a most undesirable neighbor.

\* \* \* \* \* \*

"Petitioner is 76 years of age and his hearing is defective, and therefore he was easy prey for the scheming defendant and James Talley.

"The defendant boasted about how he had pulled the wool over the old man's eyes.

"The defendant said that he destroyed the deed from Mr. Talley once he obtained the deed from Mr. Orr."

In the supplemental petition filed herein, by which he joined Talley as a party defendant, plaintiff alleged that: "Since the original petition was filed herein, a fence, separating the property conveyed by Mr. Orr from that occupied by Mr. Talley, has been removed, and Mr. Talley has resumed the use of a garage located on the lands purportedly conveyed by Mr. Orr to Mr. Walker, and has gone in possession thereof.

"That defendant James Talley hired the defendant Lee Walker to acquire the said property for his use from Mr. Orr by fraud and deceit, knowing full well that under no circumstance would the plaintiff sell the property to him, and through the concerted fraud and deceit of the said Lee Walker and James Talley, petitioner was prevailed upon to make a deed to the said property, when under no circumstance would he have

done so except for the fraud and deceit practiced upon him.

"The purported sale to the defendant Lee Walker was, as between the said Lee Walker and James Talley, a conveyance to inure ultimately to the benefit of Mr. Talley, and he was the real party in interest as evidenced by the fact that Mr. Talley accompanied Mr. Walker in visiting law offices seeking or obtaining representation of Mr. Walker in the proceeding now pending herein.

"The defendant James Talley tried to prevail upon others to purchase the property for him through misrepresentation, to no avail, previous to his prevailing upon the defendant Lee Walker to do so for him."

In maintaining the exceptions of no right and no cause of action the Court of Appeal reasoned (as argued by defense counsel) that "one without a pecuniary interest has no judicial standing to bring an action"; and that, notwithstanding the practice of fraud by these defendants, "reference to the allegations of plaintiff's petition is sufficient to establish the fact that no actual loss has been set forth." But this reasoning appears to be in conflict with both our codal law and jurisprudence.

Thus, Revised Civil Code Article 1847, which appears in the section dealing with "Of the Nullity Resulting From Fraud", provides: "Fraud, as applied to contracts,

is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an *inconvenience* or loss to the other. From which definition are drawn the following rules:

\*   \*   \*   \*   \*   \*

"2. The error must be on a material part of the contract, that is to say, such part as may reasonably be presumed to have influenced the party in making it; but it needs not be the principal cause of the contract, as it must be in the case of simple error without artifice.

\*   \*   \*   \*   \*   \*

"7. The artifice must be designed to obtain either an unjust advantage to the party for whose benefit the artifice is carried on or a loss *or inconvenience* to him against whom it is practiced, although attended with advantage to no one.

\*   \*   \*   \*   \*   \*

"9. If the artifice be practiced by a party to the contract, or by another with his knowledge or by his procurement, it vitiates the contract; \* \* \*." (Italics ours.)

Under the above clear and specific codal provisions a person may have his contract annulled when it has been obtained through the practice of artifice by another designed to cause him inconvenience; the sustaining of a pecuniary loss is not essential. Accordingly, it is incorrect to say that one has no standing in a judicial proceeding unless he has a *pecuniary interest* therein. Indeed, there are many types of authorized actions where no pecuniary interest whatever is involved, these including suits for the custody of children, divorce proceedings in which there exists no community or alimony claim, and demands relating to civil or political rights. Again, we have frequently recognized, in considering jurisdictional problems, that there are certain justiciable rights warranting judicial protection which are incapable of monetary appraisal. Rights of that nature were involved in the following: Aubert v. Burns, 142 La. 895, 77 So. 782; Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; Breland v. City of Bogalusa, 217 La. 727, 47 So.2d 334; Orleans Parish School Board v. City of New Orleans, 219 La. 1063, 55 So.2d 245; and State ex rel. Doane v. General Longshore Workers, I. L. A. Local Union 1418, 221 La. 216, 59 So.2d 126.

The cases cited by defense counsel and by the Court of Appeal in support of the legal proposition that one must have a *pecuniary interest* in order to maintain a suit are inapposite. Each involves circumstances entirely different from those contained in the instant cause.

As an alternative reason for maintaining herein the exceptions of no

right and no cause of action the Court of Appeal observed that [104 So.2d 229] "* * * another substantial objection to plaintiff's suit lies in the clear implication in the petition that the *fraud of which plaintiff complains rests upon a fear of future developments*. In other words, plaintiff alleges that he was actuated in making the sale by defendant's promise that plaintiff's 'undesirable neighbor,' Talley, would vacate his premises within 'two or three days,' and the further fact that Talley might (in the future) acquire the right to the use and benefit of the property conveyed. It is well established that statements promissory in nature and relating to future actions do not constitute actionable fraud. The false statements, if such are made, must relate to facts *then existing or which have previously existed*. * *"

Conceding for the sake of argument the correctness of the last announced legal principle we do not agree that the fraud charged here was based merely upon "statements promissory in nature." True, plaintiff was attempting to keep the Talleys from acquiring title to the property in dispute; but the petition clearly alleges that at the time of the purchase by Walker he represented to plaintiff that the acquisition was for his own use and benefit, whereas actually his negotiations were in furtherance of a conspiracy with Talley to acquire the property for the latter. In this connection the petition sets forth that consummation of the sale depended on, and resulted only because of Walker's assertion that he had acquired Talley's property; that he exhibited to plaintiff a purported deed which was not, in truth, a valid conveyance by Talley to him, it being merely an instrument confected for the purpose of deceiving plaintiff; and that such instrument was destroyed after plaintiff executed the conveyance to Walker. Unquestionably, these alleged acts (accepted as true for the purpose of this consideration) constituted the practice of artifice respecting existing facts and were designed to cause inconvenience to plaintiff—the perpetration of such fraud, according to the above quoted codal provisions, as would form the basis for an action to annul the deed in question.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside, the exceptions of no right and no cause of action are overruled, and the case is remanded to the Court of Appeal for its consideration of the remaining exceptions and the merits. Defendants shall pay the costs of the proceedings in this court.