GLADNEY, Judge.
In this action plaintiff, Enoch J. Orr, seeks a judgment against his vendee, Lee Walker, and also against James Talley, declaring the nullity of a deed conveying to Walker title to certain described property, on the grounds of deception and fraud, and ordering its cancellation from the public records of Webster Parish. Alternatively, *487 plaintiff prays the defendant be ordered to reconvey the property to petitioner upon restitution of the purchase price with further prayer for damages in the sum of $1,250. In behalf of the defense there were filed, first, an exception of nonjoinder asserting that James Talley was a necessary party to the proceedings, and next, an exception of no right or cause of action predicated on grounds that: the petition did not show actionable fraud, that plaintiff was not entitled to annul or rescind the deed without returning the purchase price, and that damages and attorney’s fees as declared upon by plaintiff were not recoverable. When plaintiff thereupon amended to name James Talley as a defendant, counsel for appellants further excepted, declaring upon a misjoinder of parties defendant. Other exceptions filed, but which now appear to have been abandoned, were directed at an “improper accumulation of actions” and “want of possession”. The answer to plaintiff’s petition denied generally the averments of fraud. The trial judge overruled all exceptions save that portion of the exception of no cause or right of action directed against recovery of attorney’s fees, which he sustained. The court after a trial on the merits of the case rendered judgment annulling the conveyance and declaring plaintiff to be the owner of the property described therein, conditioned upon return of the purchase price. The defendants have appealed.
In a prior suit styled Orr v. Talley, La. App., 84 So.2d 894, this court recognized the title of Orr to a small strip of land measuring 25' x 420' situated in or near the Town of Springhill, Webster Parish, Louisiana. The litigation arising from that suit occasioned bitterness between Orr and his neighbor, James Talley. The instant suit is concerned with the same strip of land, and was filed with allegations referring to the prior proceedings. The petition alleged Walker secured title to the property by means of false representations and fraud, except for which plaintiff would not have parted with his property. It is averred the defendant, Walker, knew the plaintiff would under ho circumstances convey the property to James Talley and his wife, nor make any conveyance which would inure to their benefit; that with such knowledge Walker approached plaintiff and proposed to purchase the property, representing that he had obtained a deed from Talley for the latter’s land adjoining that herein involved, which deed he exhibited to plaintiff, knowing that it was not bona fide and falsely declaring he would occupy the premises as his home within a few days; that based on these representations, plaintiff executed a deed to the defendant Walker and the latter recorded the same, but failed to file the deed from Talley. It was further alleged the defendant and James Talley work together and are friends, and that Talley prevailed upon Walker to practice the above artifice for the purpose of securing title to the property for Talley. Through a supplemental petition plaintiff further alleged that subsequent to the filing of the original petition, Talley had taken possession of the property which Orr had conveyed to Walker.
When this case was first considered by this court we were of the opinion a party without a pecuniary interest had no judicial standing to bring such an action, and, accordingly, the defendants’ exception of no cause or right of action was sustained. La.App., 104' So.2d 226. We did not pass on the other exceptions raised on the appeal, nor the merits of the case. The Supreme Court granted a writ of certiorari, disagreed with and reversed our decision on the exception of no cause or right of action, and remanded the case for our further consideration of the remaining exceptions and the merits. 236 La. 740, 109 So.2d 77, 80.
After referring to the provisions of LSA-C.C. art. 1847(2), (7), and (9), the Supreme Court declared:
“Under the above clear and specific codal provisions a person may have *488 his contract annulled when it has been obtained through the practice of artifice by another designed to cause him inconvenience; the sustaining of a pecuniary loss is not essential.”
The opinion took notice of the following observation contained in our decision:
“As an alternative reason for maintaining herein the exceptions of no ' right and no cause of action the Court of Appeal observed that (104 So.2d 229) * * * another substantial objection to plaintiff’s suit lies in the clear implication in the petition that the fraud of which plaintiff complains rests upon a fear of future developments. In other words, plaintiff alleges that he was actuated in making the sale by defendant’s promise that plaintiff’s “undesirable neighbor,” Talley, would vacate his premises within “two or three days,” and the further fact that Talley might (in the future) acquire the right to the use and benefit of the property conveyed. It is well established that statements promissory in nature and relating to future actions do not constitute actionable fraud. The false statements, if such are made, must relate to facts then existing or which have previously existed * * * >»
and held the facts as alleged in the petition which were accepted as true, for consideration of the exceptions, “constituted the practice of artifice respecting existing facts and were designed to cause inconvenience to plaintiff, the perpetration of such fraud, according to the above quoted Codal provisions as would form the basis for an action to annul the deed in question.” (Emphasis supplied.)
The exceptions principally urged on behalf of the defendants are those of prematurity and misjoinder. The basis for the exception of prematurity was averred to be:
“James Talley is not the record owner of the property, whom plaintiff fears may become the owner thereof, and, consequently, plaintiff has not suffered any of the purported damages as alleged in his petition.”
In view of the pronouncement of the Supreme Court reflected above, the exception of prematurity must be overruled. Nor do we find merit in the exception of misjoinder. The defendant Walker asserted in his exception of nonjoinder that James Talley was a necessary party defendant, and then after plaintiff met the requirements of the exception by voluntarily impleading Talley, this exception was filed. Counsel argues the trial court had held James Talley was not a necessary party, and the holding had become res judicata and plaintiff should not have been permitted to amend so as to make Talley a co-defendant. It is rather difficult to follow this line of reasoning in view of plaintiff’s allegation of conspiracy between James Talley and the defendant, Walker. Manifestly, if the alleged facts coud be proven, Talley was an interested party. Our conclusion, therefore, is that there was no error of the judge a quo in overruling the exception of misj oinder and the other exceptions filed on behalf of the defendants.
The appellee, by answer to the appeal, objects to the judgment insofar as it orders him to return the purchase price and by reason of said pleadings, appellee asks that the judgment be rendered to include damages. The contentions so made are untenable. The law does not allow a vendor to so regain his property without returning the purchase price thereof. Further, we are not impressed with the proof tendered in support of actual damages which plaintiff claims to have sustained.
Subsequent to the Supreme Court decision herein, counsel for defendants have filed a motion to remand, averring:
“That under equity and the nature of the case and in order to promote the administration of justice, defendants-appellants now should be permitted to *489 prove their exception and thus be allowed to show that the exception of prematurity should have been sustained in view of the fact that James Talley, one of the defendants, has sold his family home, which adjoins the property sued upon, to B & S Supply, Inc., . proof of same being readily available as shown by the annexed certified copies of deeds and affidavits attached and made a part hereof; — and the fraud question is now moot.”
i
The motion to remand is without merit for if the consent of plaintiff was vitiated by reason of fraud there was no contract of sale and the court is not concerned with the circumstances related in the motion to remand. We may endeavor to restore the status of the parties existing at the time of the confection of the contract, but no more than this.
After a careful review of the evidence, we find the allegations of plaintiffs petition essential to his right to have the court decree the nullity of his deed to Walker have been satisfactorily proven. Accordingly, the judgment appealed must be held to be correct in ordering the annulment and rescission of the deed.
It is ordered, adjudged and decreed that certain conveyance by cash deed from the plaintiff, Enoch J. Orr, to Lee Walker, dated September 7, 1956, of the following described property, to wit:
“Begin at the Southwest corner of the Southeast Quarter of the Southwest Quarter (SE 14 of SW 14)> Section 19, Township 23 North, Range 10 West, thence run East 646 feet to the point of beginning of the property herein described; thence run North 420 feet; thence run East 25 feet; thence run South 420 feet; thence run West 25 feet to the point of beginning, together with all improvements located thereon and rights thereto belonging; all located in Webster Parish, Louisiana,”
be and is rescinded, annulled and avoided, and the plaintiff, Enoch J. Orr is decreed the owner thereof, upon his return to the defendant, Lee Walker, the $500 purchase price paid the plaintiff by the said Mr. Walker for the said property.
The judgment from which appealed is affirmed at appellants’ cost.