HALL, Judge.
. Plaintiff sued Mrs. Mary Elizabeth Schlosser Kolb for a real estate commission allegedly earned by it as the procuring cause of a lease by Mrs. Kolb to Victor F. Kirschman of certain property belonging to Mrs. Kolb. In the alternative, in the event Mrs. Kolb should not be held liable for the commission, plaintiff prayed for damages in an amount equal to the commission from Victor F. Kirschman, the lessee, and from F. Poche Waguespack, another real estate agent involved in the matter.
Kirschman and Waguespack filed exceptions of no cause or right of action to plaintiff’s petition. Mrs. Kolb filed an answer thereto and also a third party proceeding against Waguespack, Ashton Blum, and Waguespack, Pratt, Inc., to which proceeding the third party defendants filed exceptions of no cause of action. The district court maintained all of the exceptions and dismissed plaintiff’s suit against Kirschman and against Waguespack and dismissed Mrs. Kolb’s third party action. However, plaintiff appealed only from the judgment dismissing its suit against Victor F. Kirsch-man.
The only issue before us is whether plaintiff’s petition states a cause of action against Kirschman.
For the purpose of deciding this issue all of the facts alleged in the petition must be accepted as true.
The facts alleged in plaintiff’s petition may be summarized as follows:
On or about April 12, 1961, August J. Franzella, president of the plaintiff corporation, and Maurice Steadman, one of plaintiff’s real estate salesmen, were showing Victor F. Kirschman certain property on the west side of the Mississippi River as possible locations for a new furniture store. *839 Franzella also suggested certain sites on the east side of the river, one of which was the property belonging to Mrs. Mary Elizabeth Schlosser Kolb. When Kirschman showed interest in the property Steadman contacted Mrs. Kolb’s attorney and ascertained that the property was still for rent. Mrs. Kolb’s attorney allegedly assured Steadman that his firm would receive the standard real estate commission if he succeeded in securing the lease, but refused to sign a real estate listing contract.
Steadman then obtained duplicate maps of the property from the Planning and Zoning Commission and submitted them together with data regarding the lease of the property and the possible construction of a shopping center thereon, to Kirschman for his consideration. Two days later, on April 17, 1961, Kirschman discussed the matter with Steadman and informed him that “he was interested and would call Maurice Steadman as soon as he could check on petitioner’s proposals”.
Thereafter, on May 3, 1961, Kirschman formed the Kirschman Development Co., Inc., for the purpose of leasing the Kolb property. A lease was then entered into between the development company and Mrs. Kolb on May 25, 1961, without the plaintiff’s knowledge.
The lease was later assigned to Kirsch-man personally.
Between April 17, 1961, and the time the lease was signed Steadman attempted to reach Kirschman by telephone on numerous occasions in order to determine if Kirsch-man was receptive to his proposals. On each occasion he was informed that Kirsch-man was absent. Finally, on June 5, 1961, he was informed by Kirschman that “other arrangements had been made”. Steadman then contacted Mrs. Kolb’s attorney and was informed that negotiations had been conducted directly between Kirschman and himself culminating in the signing of the lease on May 25.
Plaintiff further alleges that at all pertinent times it was ready and able to complete the services necessary for the consummation of the lease.
It is significant that the petition contains no allegation of a contractual relationship between Kirschman and the plaintiff corporation. No where does plaintiff allege that Kirschman agreed to pay it a commission for obtaining a lease on the Kolb property. On the contrary, plaintiff expressly alleges that at all times it was the agent of Mrs. Kolb. In argument on appeal and in briefs filed below this fact was acknowledged by plaintiff’s counsel, who characterized the proceeding against Kirschman as an action in tort.
Plaintiff based its tort action insofar as Kirschman is concerned on the following allegations of the petition.
“-16-
“Petitioner alleges, on information and belief, that Mrs. Mary Elizabeth Schlosser Kolb and Victor F. Kirsch-man avoided and circumvented petitioner in order to deprive petitioner of its real estate commission, to which it was justly and truly entitled.
"-17-
“Petitioner was prevented from consummating said lease by the combined efforts of Victor F. Kirschman and Mrs. Mary Elizabeth Schlosser Kolb, through Kalford K. Miazza, who, without petitioner’s knowledge, secretly entered into a lease which was calculated to take advantage of petitioner’s services but to by-pass petitioner insofar as its commission was concerned, which was accomplished to the severe injury of petitioner and contrary to law.
“-30-
“Víctor F. Kirschman accepted all of petitioner’s data, information and proposals regarding a lease of said prop *840 erty, expressed interest therein and stated that petitioner would conduct further lease negotiations if Victor F. Kirschman decided to pursue the matter; petitioner alleges, on information and belief, that Victor F. Kirschman and F. Poche Waguespack attempted to and did deceive petitioner into thinking that nothing was being done about said lease while they secretly negotiated said lease directly with Kalford K. Miazza, thereby depriving petitioner of its real estate commission on the lease rentals; all of which was contrary to law and caused great damage to petitioner.
“-31-
“Petitioner alleges, on information and belief, that Victor F. Kirschman attempted to defeat petitioner’s efforts to earn said real estate commission in order that he might secure a lease with smaller rentals or obtain other concessions from Mrs. Mary Elizabeth Schlosser Kolb.”
The district judge based his dismissal of the suit against Kirschman on the fact that under Article 2315 of the LSA-Civil Code recovery in tort presupposes the breach of a duty owed by the alleged tort feasor to the damaged person. The court below reached the conclusion that no such duty was evident from the facts alleged in plaintiff’s petition, citing Robert Heard Hale, Inc. v. Gaiennie, La.App., 102 So.2d 324.
When plaintiff’s allegations are reduced to essentials it is manifest that plaintiff has postulated only two conceivable theories of tort liability, viz.: (1) that Kirschman fraudulently deceived plaintiff, i. e. fraud and deceit, and (2) that Kirschman prevented plaintiff from or defeated its recovering a real ■ estate commission due it by Mrs. Kolb, i. e. a tortious inducement of breach of contract.
In our opinion the petition does not state a cause of action against Kirschman for fraud or deceit for it contains no averment of any false statement by Kirschman relating to facts then existing or which previously existed. The statement Kirschman is alleged to have made was merely promissory in nature and referred to future actions only and in no way misrepresented past or contemporary facts. As pointed out in Orr v. Walker, La.App., 104 So.2d 226 (reversed on other grounds 236 La. 740, 109 So.2d 77):
“ * * * It is well established that statements promissory in nature and relating to future actions do not constitute actionable fraud. The false statements, if such are made, must relate to facts then existing or which have previously existed * *
It is equally clear that the petition states no cause of action against Kirschman for tortious inducement of a breach of contract between Mrs. Kolb and plaintiff. As stated in Robert Heard Hale, Inc. v. Gaiennie, supra:
“It is settled law in Louisiana that there is no right of action for damage ex delicto against one who induces another to violate his or her contract with a third person. Kline v. Eubanks, 109 La. 241, 33 So. 211; B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2, 67 L.R.A. 65; Moulin v. Monteleone, 165 La. 169, 115 So. 447.”
Counsel attempts to establish the breach of a legal duty owed by Kirschman to plaintiff contending that plaintiff was a broker in the transaction and as such was the agent of both Kirschman and Mrs. Kolb citing LSA-C.C. art. 3016 which reads:
“Art. 3016. The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered as the mandatary of both.”
But plaintiff’s petition precludes any conclusion by the Court that plaintiff was em *841 ployed as a broker or j oint mandatary when it clearly alleges that plaintiff was at all times the agent of Mrs. Kolb, and makes no averment that a principal-agent status ever existed between it and Kirschman.
In our opinion the action of the district court in maintaining Kirschman’s exception of no cause of action and dismissing plaintiff’s suit against him was correct. It should be added that plaintiff’s case against Mrs. Kolb is still pending in the district court and nothing herein contained should be construed as implying an opinion with regard to the merits of the case against her.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.